The People of the State of New York ex rel. Luther E. Mackall, Relator, against Spencer E. Bates et al., Constituting the State Tax Commission of the State of New York, Respondents.— Proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission. Prior to August of 1942 the petitioner lived with his wife in an apartment in New York City. In that month he was appointed to a position in the Federal service and petitioner went to Washington where he remained until July, 1945. In Washington he lived first in a hotel and later in a furnished room in a private home. His wife remained in the New York apartment and took over the rental of it, but the apartment remained accessible to petitioner and he made continuous contributions to his wife's general support. When his Federal appointment terminated in July, 1945, he returned to live in the New York apartment. Petitioner maintains the view that during the period he was staying in Washington he was not subject to the New York State income tax. The Tax Commission takes a different view about this, and the question turns upon a construction of subdivision 7 of section 350 of the Tax Law. The term "resident" is defined in language of general inclusion, as "any person domiciled in the state". There follows an exception as to some persons

domiciled in the State. The exception affects a person who: (a) "maintains no permanent place of abode" in New York; (b) maintains "a permanent place of abode without the state"; and (c) spends not more than thirty days in the State during the taxable year. In the year during which petitioner began, and in the year during which he ended his work in Washington, he does not bring himself within the last exception since he was both domiciled in New York and was here more than thirty days. The factual decision of the commission that petitioner "maintained" a permanent place "of abode" in New York while he worked in Washington is not unreasonable in view of the arrangement by which the New York apartment was occupied by his wife; nor is the conclusion unreasonable that the living arrangements of petitioner in Washington did not constitute the maintenance of a permanent place of abode there. This is the extent of our inquiry into the determination of the commission. Determination confirmed, with $50 costs and disbursements. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.