■ In the Matter of BIRGE COMPANY, INC., Petitioner, v. STATE TAX COMMISSION, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which denied petitioner's application for revision or refund of franchise taxes pursuant to article 9-A of the Tax Law. The sole question presented in this proceeding is whether the State Tax Commission's determination that petitioner was not entitled to allocate its business income under article 9-A of the Tax Law for the reason that petitioner had no regular place of business outside the State of New York is supported by substantial evidence. Petitioner, a domestic corporation with its principal place of business in Buffalo, New York, manufactures and sells wallpaper and wallcloth. Sample books containing sheets of actual wallcovering are used in the marketing process as a means of displaying the various inventories to customers of retailers. Petitioner sells the sample books at cost, or below cost, to distributors who, in turn, sell them to retailers. The books were produced during the taxable periods involved by an independent contractor located in Joliet, Illinois. Reels of wallcovering comprising approximately one sixth of petitioner's total annual production were shipped to the Illinois plant where they were cut into book-size sheets, collated and bound into books. The contractor thereafter held them

in its warehouse, to be shipped on petitioner's direction to designated distributors. Article 9-A of the Tax Law requires corporations doing business in New York State to pay a franchise tax. The tax imposed is measured by "entire net income" or the portion thereof allocated within the State (Tax Law, § 210, subd. 1), "provided, however, that if the taxpayer does not have a regular place of business outside the state other than a statutory office, the business allocation percentage shall be one hundred per cent". (Tax Law, § 210, subd. 3, par. [a], cl. [4].) An implementing regulation promulgated by the Department of Taxation and Finance provides, in part, "A regular place of business is any *bona fide* office (other than a statutory office), factory, warehouse, or other space which is regularly used by the taxpayer in carrying on its business. * * * Where as a regular course of business, raw material or partially finished goods of a taxpayer are delivered to an independent contractor to be converted, processed, finished or improved, and the finished goods remain in the possession of the independent contractor until shipped to customers, the plant of such independent contractor is considered a regular place of business of the taxpayer." (20 NYCRR 4.11 [b].) Petitioner claims that the Illinois plant constitutes, for franchise tax purposes, a regular place of business for petitioner outside the State of New York. Respondent has disallowed a franchise tax allocation of petitioner's business income on the ground that petitioner did not have a regular place of business outside the State. Its determination that petitioner was actually in the business of selling wallcovering, and not sample books, and that in the production of those books, finished goods were converted into selling aids, is reasonable. There is substantial support for this conclusion when we consider that the number of sample books sold by petitioner during the periods involved was a matter of knowing the number of retail outlets which sell its wallcovering, that no profit was made from the sale of the books and that any excess cost of producing them was charged off as a selling and distribution expense. Petitioner merely converted finished goods into a selling aid which was used to market its primary product. The Illinois plant, therefore, was not a regular place of petitioner's business of manufacturing and selling wallcovering. Respondent's determination properly limits a broad implementing regulation to its plain meaning and is not at variance with the underlying statutory authority. Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Reynolds, JJ., concur.