■ In the Matter of JOHN LANE, JR., Petitioner, v NORMAN F. GALLMAN et al., Constituting the State Tax Commission, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioner's application for a redetermination of a deficiency and for a refund in personal income tax for the year 1965. Individuals subject to the New York personal income tax are classified as either residents or nonresidents as those terms are defined by section 605 of the Tax Law. Section 654 of the Tax Law

governs those situations in which an individual's status as a resident or a nonresident changes during his taxable year. Claiming that his former resident status had changed during 1965, petitioner invoked section 654 and computed his tax liability for that year under its provisions. The tax commission disagreed, determining that a higher tax amount was due from him as a resident, and this proceeding ensued when petitioner's application for a redetermination of a deficiency and claim for a refund was denied. The facts are undisputed. Petitioner remained a New York domiciliary throughout the tax year in question although he left his former permanent abode in Yonkers on March 1, 1965 when he entered military service. For the balance of that year he maintained a permanent abode at different locations in the State of Virginia and did not return to New York. Sometime after 1965 he abandoned his domicile in this jurisdiction. Insofar as it relates to this case, a resident individual is defined as one "who is domiciled in this state, unless he maintains no permanent place of abode in this state maintains a permanent place of abode elsewhere, and spends in the aggregate not more than thirty days of the ʿaxable year in this state" (Tax Law, § 605, subd [a], par [1]). Petitioner insists that since he met the conditions of exception after March 1, 1965, his status had changed to that of a nonresident during the tax year. The tax commission, on the other hand, interprets the conditions of exception as applying to an entire taxable year and concludes that, when so measured, petitioner failed to remove himself from the resident classification during 1965 because he maintained a permanent abode and spent more than 30 days in this State. Under this construction, as petitioner correctly observes, it would be impossible for him to effect a change in his resident status *during* any taxable year without making a corresponding change in his domicile. However, merely because section 654 of the Tax Law contains a procedure to be followed when a change in status occurs during a tax year, it does not necessarily follow that such a change is thereby authorized or made possible in every circumstance. We cannot say that the tax commission's interpretation of these provisions is irrational or unreasonable since it is entirely consistent with prior case law on related topics (*Matter of Kritzik v Gallman,* 41 AD2d 994; *People ex rel. Mackall v Bates,* 278 App Div 724; *Matter of Rothfeld v Graves,* 264 App Div 54, affd 289 NY 583). Accordingly, its construction must be upheld (cf. *Matter of Howard v Wyman,* 28 NY2d 434, 438). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.