In the Matter of UGP Properties, Inc., Petitioner, v State Tax Commission of the State of New York, Respondent.

Third Department, November 9, 1978

### APPEARANCES OF COUNSEL

*Webster & Sheffield (Murray Drabkin* and *John D. Smyers* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Lawrence J. Logan* and *Ruth Kessler Toch* of counsel), for respondent.

### OPINION OF THE COURT

GREENBLOTT, J.

This proceeding raises two issues. The first is whether the petitioner has a regular place of business outside of New York, thereby entitling it to an allocation of business income or capital. The second is whether petitioner's interest income on certificates of deposit issued by New York banks constitutes "business receipts earned within the State" for purposes of allocating its business capital.

Petitioner, a New York corporation, is a wholly owned subsidiary of Union General Properties, Ltd., a United Kingdom corporation with its office in London, England. The parent organized petitioner in 1967 to enter into a lease agreement with the 51st Street Realty Corp., a subsidiary of the New York Central Company, under which petitioner would demolish Grand Central Terminal and erect an office

building upon the site. Because Grand Central Terminal has been designated a landmark, the agreement was conditioned upon petitioner's procuring authorization from New York City for the demolition. The denial of that authorization was ultimately upheld by the Supreme Court.

The lease agreement was negotiated by M. Saady, president of petitioner and managing director of petitioner's parent. He comes to New York a few times a year in connection with petitioner's affairs. Although it uses a New York mailing address, petitioner uses the London office of its parent, where general policy and substantial management decisions were made for the petitioner by its president. Petitioner owns no real or personal property in New York, and has no income except from interest earned on certificates of deposit with New York banks used as rent security pursuant to the lease agreement.

Petitioner sought a refund of franchise taxes for the fiscal years ending 1971 and 1972 based on its claim that the London office of its parent constituted a regular place of business of petitioner outside of New York and that therefore it qualified for an allocation of business income under the provisions of section 210 of the Tax Law.

Article 9-A of the Tax Law imposes upon corporations doing business in New York a franchise tax which is measured by "entire net income" or the portion thereof allocated within the State (Tax Law, § 210, subd 3). However, "if the taxpayer does not have a regular place of business outside the state * * * the business allocation percentage shall be one hundred per-cent" (Tax Law, § 210, subd 3, par [a], cl [4]). An implementing regulation of the Department of Taxation and Finance provides that "[a] regular place of business is any bona fide office (other than a statutory office), factory, warehouse, or other space which is regularly used by the taxpayer in carrying on its business" (20 NYCRR 4-2.2 [b]; formerly 22 NYCRR 4.11 [b]).

■ The tax commission rejected petitioner's claim upon the ground that the London office of the parent corporation did not qualify as a bona fide regular place of business for the petitioner. The phrase "regular place of business" is a broad statutory expression. "While statutory construction is the function of the courts", wrote this court recently in *Matter of Archie Enterprises v State Tax Comm.* (57 AD2d 383, 386), "where the question is one of specific application of a broad

statutory term in a proceeding in which the agency administering the statute must determine it initially, the reviewing court's function is limited, and the judicial function is exhausted when a rational basis is found for the conclusion arrived at by the administrative body".

■ In our view, there is substantial support for the tax commission's conclusion. It found that petitioner was not holding itself out to be doing business in England; had no British source income; and did not file an income tax return with the United Kingdom. It decided, moreover, that petitioner's business capital and income had a situs in New York, since it was incorporated in New York to conduct real estate operations here. The respondent's application of the implementing regulation has, therefore, a rational basis; and since it does not conflict with the underlying statute, the determination should not be disturbed (see *Matter of Birge Co. v State Tax Comm.*, 44 AD2d 883).

■ We have examined petitioner's contention that the interest earned from the certificates of deposits constituted investment income and not business receipts earned within the State and find it to be without merit. The tax commission could rationally conclude that petitioner's interest income was an integral part of its real estate business and thus constituted business receipts earned within the State.

The determination should be confirmed, and the petition dismissed, without costs.

MAHONEY, P. J., LARKIN, MIKOLL and HERLIHY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.