■ In the Matter of MICRO COMPUTER CORPORATION, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a franchise tax assessment against petitioner for the fiscal periods ending June 30, 1972 and June 30, 1973. Petitioner is a domestic corporation and owned, either outright or with a subsidiary, two IBM computers which it leased to the Parker Hanifin Corporation in Cleveland, Ohio. Pursuant to an audit of petitioner for the taxable periods

in question, respondent disallowed all petitioner's claims for a business allocation outside the State and assessed corporate franchise tax deficiencies. This CPLR article 78 proceeding ensued to review that determination. Respondent found that petitioner did not have a regular place of business outside of New York State for franchise tax purposes. The sole issue for our determination is whether there is substantial evidence in the record to sustain that finding. While petitioner's chairman of the board testified that petitioner had two business offices in Ohio and that it was his belief that the Ohio offices constituted a "regular place of business outside New York", there was proof that petitioner had no full-time employees working in the Ohio offices. There was also proof that agents were hired from time to time to perform necessary services and that one of the Ohio offices was actually the place at which the computers were installed for use by the lessee. Section 210 (subd 3, par [a], cl [4]) of the Tax Law requires 100% allocation of net income within New York State unless the taxpayer has "a regular place of business outside the state other than a statutory office". The regulations extant during the period in question defined a regular place of business as "any *bona fide* office * * * which is regularly used by the taxpayer in carrying on its business" (20 NYCRR 4.11 [b] [1972]). Our review of respondent's determination is a limited one *(Matter of Liberman v Gallman,* 41 NY2d 774), and if there are any facts or reasonable inferences from the facts to sustain the determination, it must be confirmed *(Matter of Minkin v State Tax Comm.,* 60 AD2d 420). Considering the record in its entirety, we are of the view that there is substantial evidence to sustain respondent's determination. Consequently, it must be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Larkin and Herlihy, JJ., concur.