■    In the Matter of NIELS DE GROOT et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a deficiency in income tax against petitioners for the year 1972, and a deficiency in unincorporated business tax for the years 1971 and 1972. Petitioner Niels De Groot (petitioner) was a financial consultant in 1971 and 1972. He engaged primarily in arranging the acquisition of European pharmaceutical companies by American corporations. Petitioner and his wife, both naturalized American citizens, had come to New York City from California in 1967. They remained in New York City until December 10, 1972 when they moved to Cologne, West Germany, for business reasons as well as to take care of petitioner's 88-year-old mother. They have continued their American citizenship and voted by absentee ballot issued in France, with California listed as the United States residence, subsequent to their move to Cologne. Petitioner sought to exempt a portion of his income from New York tax because of his change of domicile. However, because petitioner did not meet the three conditions for nonresidence for an entire taxable year (Tax Law, § 605, subd [a], par [1]), the Tax Commission properly affirmed a resident income tax deficiency (*Matter of Babbin v State Tax Comm.,* 67 AD2d 762; *Matter of Lane v Gallman,* 49 AD2d 963, app dsmd 42 NY2d 823, app dsmd 434 US 1055). Petitioner also sought exemption from unincorporated business tax for the years 1971 and 1972. During this period petitioner successfully completed some half-dozen transactions for American companies making foreign acquisitions. Petitioner claimed that he had established foreign business offices in Paris and Cologne in addition to his New York office and sought to exempt a portion of income from tax. If an unincorporated business has no regular place of business outside of New York, all of its net income is allocable to this State (Tax Law, § 707, subd [a]). The burden of proof is on the petitioner in these cases (*Matter of Minkin v State Tax Comm.,* 60 AD2d 420, 422; Tax Law, §§ 722, 689) and exemptions are to be construed strictly against the taxpayer (*Matter of Grace v New York State Tax Comm.,* 37 NY2d 193). Petitioner described each office as a residence with office furniture and typewriters provided. However, his letters to the State Tax Commission describing the location, nature and use of the foreign offices were contradicted by the testimony of his representatives at a hearing held on this matter. Furthermore, his written statements as to when the Paris and Cologne offices were established are contrary to advertisements used by him during the period in question. Petitioner did not appear at the hearing to resolve or explain any of these inconsistencies. Therefore, although he claimed to have spent his time equally between New York, Paris and Cologne, the conflicting evidence on the existence, nature and use of these foreign offices fails to prove that they were bona fide places of business (see 20 NYCRR 207.2 [a], [c]). Because the record contains facts which support the determination of the Tax Commission, this court must confirm its assessment of tax (cf. *Matter of Liberman v Gallman,* 41 NY2d 774; *Matter of Bander v State Tax Comm.,* 65 AD2d 847). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.