█    In the Matter of DAN-ELLEN, INC., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a franchise tax assessment against petitioner for the fiscal periods ending on February 28 for the years 1970 through 1973. Petitioner is a domestic corporation which sells ladies' apparel to retail stores throughout the country. The shareholders of petitioner are also the sole shareholders of two other separate and distinct corporations: Clock Fashions, Inc. (Clock), a New York corporation, and Beth Products, Inc. (Beth), a corporation which has its principal place of business in Lebanon, Pennsylvania. Petitioner and Clock maintain adjoining showrooms at the same address in New York City where samples are kept and customer orders are placed. Petitioner has its employees take the orders in its New York office. After the orders are taken, all the necessary raw materials are purchased by Clock. The fabric is shipped by Clock to Beth where it is manufactured by Beth employees into a finished product and shipped by Beth on behalf of petitioner to its customers. The petitioner filed New York State corporation franchise tax reports for the years at issue. However, respondent disallowed all petitioner's claims for a business allocation outside the State and, accordingly, assessed corporate franchise tax deficiencies. This CPLR article 78 proceeding ensued and the sole issue to be adjudicated is whether there is substantial evidence to support respondent's finding that petitioner did not have a regular place of business outside of New York State for franchise tax purposes. Section 210 (subd 3, par [a], cl [4]) of the Tax Law requires a corporation doing business in New York to allocate 100% of its net income within New York State unless the taxpayer has "a regular place of business outside the state other than a statutory office" (see *Matter of Micro Computer Corp. v State Tax Comm.,* 65 AD2d 867). A corresponding regulation promulgated by the Department of Taxation and Finance provides that "A regular place

of business is any bona fide office (other than a statutory office), factory, warehouse, or other space which is regularly used by the taxpayer in carrying on its business" (20 NYCRR 4-2.2 [b], formerly 22 NYCRR 4.11 [b]; see, also, *Matter of UGP Props. v State Tax Comm.,* 64 AD2d 316, 318). Under the regulation, a public warehouse is considered a regular place of business if. the taxpayer stores property in it until the goods are shipped to its customers (20 NYCRR 4-2.2 [b] [1]). There was no evidence presented at the hearing below to prove that Beth held goods manufactured for petitioner for any significant length of time or in the manner normally thought of as "storage". Moreover, by petitioner's own testimony, Beth's function is to manufacture and ship goods. Accordingly, there is substantial evidence on the record to support the tax commission's finding that Beth is not a public warehouse and, consequently, its activities do not constitute a regular place of business for petitioner outside the State. Petitioner also points out that the plant of an independent contractor may be treated as the taxpayer's "regular place of business" if the taxpayer delivers goods or raw materials there for processing or manufacturing and for subsequent shipment from that location to customers, but only if the taxpayer retains title to such goods (20 NYCRR 4-2.2 [b] [2]). It is undisputed in the record that Clock, and not petitioner, delivered raw materials to the independent contractor, Beth, in the instant case. Additionally, the record supports the conclusion that petitioner never acquired title to the goods it sold until they left the plant of Beth. Thus, since petitioner did not deliver the raw materials to the independent contractor for subsequent shipment to its customers, and, furthermore, did not retain title to the goods while they were in the possession of the independent contractor, Beth's plant cannot be treated as petitioner's regular place of business outside New York. Our scope of review over respondent's determination is confined to whether there are any facts or reasonable inferences from the facts to sustain the conclusion of the tax commission *(Matter of Minkin v State Tax Comm.,* 60 AD2d 420). Reviewing the record in its entirety, it is our view that there is substantial evidence to support the tax commission's conclusion that petitioner failed to maintain a place of business outside New York and, accordingly, must allocate 100% of its net income within New York State. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.