■ In the Matter of PSYCHOLOGICAL CORPORATION, Petitioner, v TAX COMMISSION OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained franchise tax assessments imposed pursuant to article 9-A of the Tax Law. Petitioner is a New York corporation with its principal place of business in New York City. Petitioner publishes various kinds of tests (e.g., aptitude, intelligence, achievement) and related testing materials, which it sells primarily to psychologists, schools and universities. The sales are made through a catalog or, for district-wide testing programs, under contract. Petitioner's customers administer the tests and forward the completed answer sheets to DAT-MRC Scoring Service (MRC) in Iowa City, Iowa. MRC is an independent entity, now owned by Westinghouse Corporation, which contracts with petitioner on an annual basis to process and tabulate the answer sheets. After this processing is completed, MRC mails the results directly to petitioner's customers. Petitioner, on its 1971 and 1972 New York State corporation franchise tax reports, allocated part of its income to sources outside New York State based on MRC's activities in Iowa (see Tax Law, § 210). The Department of Taxation and Finance disallowed these allocations and issued notices of deficiency asserting additional franchise tax due under article 9-A of the Tax Law for these years. Petitioner thereafter requested redeterminations of the deficiencies and refunds on taxes for 1969, 1970 and 1971 based upon an allocation of income to the Iowa activities. After a hearing, respondent denied the request for refunds and sustained the deficiencies. To challenge respondent's determination, petitioner commenced this CPLR article 78 proceeding, which Special Term transferred to this court. Section 210 (subd 3, par [a], cl [4]) of the Tax Law currently requires "that for taxable years beginning before [January 1, 1978], if the taxpayer does not have a regular place of business outside the state other than a statutory office, the business allocation percentage shall be one hundred percent". A corresponding regulation in effect at the time of the taxable years at issue provided: "A regular place of business is any *bona fide* office (other than a statutory office), factory, warehouse, or other space which is regularly used by the taxpayer in carrying on its business. * * * [W]here as a required course of business, raw material or partially finished goods of a taxpayer are delivered to an independent contractor to be converted, processed, finished or improved, and the finished goods remain in the possession of the independent contractor until shipped to customers, the plant of such independent contractor is considered a regular place of business of the taxpayer" (20 NYCRR 4.11 [b], renum and amd as 20 NYCRR 4-2.2 [b], eff Aug. 31, 1976, repealed April 1, 1981). Petitioner contends that MRC was an independent contractor which corrected and tabulated the answer sheets, thereby putting them into final usable form, and shipped the final, processed product directly to petitioner's customers. Accordingly, petitioner submits, MRC's operation in Iowa should be considered a regular place of business outside New York State for petitioner and allocation

of business income was proper. We disagree and confirm respondent's determination. In *Matter of Dan-Ellen, Inc. v New York State Tax Comm.* (79 AD2d 732), we confirmed the Tax Commission's determination that the taxpayer did not maintain a regular place of business outside New York State as provided in former 20 NYCRR 4-2.2 (b) (2), the successor to the above-quoted regulation. Our conclusion was based, in part, upon the fact that the unfinished goods were not delivered to the independent contractor by the petitioner therein. Thus, we approved the Tax Commission's interpretation of the regulation as requiring delivery of the unfinished goods to the independent contractor by the taxpayer. It is undisputed in this case that the unprocessed answer sheets were delivered to MRC by petitioner's customers and not by petitioner. Therefore, petitioner, like the petitioner in *Dan-Ellen,* did not satisfy the requirements of the pertinent regulation. Petitioner's contention that the interpretation in *Dan-Ellen* is not applicable in this case because it considered the regulation as amended and effective for taxable years after those at issue herein is without merit. A careful reading of *Dan-Ellen* reveals that the pertinent amendment to the regulation, which required the taxpayer to retain title to the goods while they were at the independent contractor's plant in order to maintain a regular place of business, was an alternate ground for our decision. Because that part of former 20 NYCRR 4-2.2 (b) (2) which was interpreted as requiring the taxpayer to send the unfinished goods to the independent contractor was not affected by the above-mentioned amendment, this interpretation of former 20 NYCRR 4-2.2 (b) (2) was, in effect, an interpretation of predecessor regulation 20 NYCRR 4.11 (b), which, because petitioner did not deliver the unfinished goods to MRC, was not satisfied. Furthermore, petitioner has not satisfied any of the factors usually considered in determining whether there is a regular place of business outside New York State. For example, it is undisputed that petitioner had no full-time employees in Iowa, maintained no office in Iowa, paid no taxes in Iowa, and was not licensed to do business in Iowa (see, e.g., *Matter of Micro Computer Corp. v State Tax Comm.,* 65 AD2d 867, 868; *Matter of UGP Props. v State Tax Comm.,* 64 AD2d 316, 319). Accordingly, respondent's determination that business income allocation is improper because MRC's operation in Iowa cannot be considered as petitioner's regular place of business outside New York State is supported by substantial evidence and must be confirmed. Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.