In the Matter of DEL-MET CORPORATION, Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, June 21, 1984

APPEARANCES OF COUNSEL

*Winthrop, Stimson, Putnam & Roberts (Peter L. Faber* and *Rebecca S. Rudnick* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Julie S. Mereson* and *William J. Kogan* of counsel), for respondent.

OPINION OF THE COURT

WEISS, J.

This petitioner, which manufactures and sells automotive wheel covers and has its principal plant and offices in the Town of Walton, Delaware County, contends that respondent's disallowance of its allocation of income for corporate franchise taxes to out-of-State sources was arbi-

trary, capricious and not supported by substantial evidence. Petitioner further contends that section 210 (subd 3, par [a], cl [4]) of the Tax Law, as applied to it, violates its due process rights (US Const, 14th Amdt; NY Const, art I, § 6) and/or the commerce clause (US Const, art I, § 8, cl 3).

The facts are not in dispute. Petitioner employed two full-time salesmen, one in New Jersey and one in Tennessee, who worked out of their homes soliciting sales. It also hired an independent salesman on a commission basis, who solicited sales in Europe from his Netherlands office. In addition, petitioner had a manufacturing agreement with its wholly owned subsidiary, a Netherlands corporation, pursuant to which petitioner shipped unfinished products to the subsidiary which performed completion work, assembled, packaged, warehoused and then shipped the finished products to customers throughout Europe. The subsidiary was compensated for the cost of its labor and materials, plus a profit, by petitioner. In denying a petition for redetermination or refund of corporation franchise taxes for the fiscal year ending June 30, 1977, respondent held that petitioner had failed to sustain its burden of proving that it had a bona fide office, factory, warehouse or other regular place of business outside this State (Tax Law, § 1089, subd [e]) with respect to New Jersey, Tennessee or the Netherlands, and that the business conducted with its wholly owned subsidiary in the Netherlands constituted outright sales. Respondent based its determination upon its finding that petitioner's method of doing business through salesmen outside this State did not qualify under section 210 (subd 3, par [a], cl [4]) of the Tax Law or the regulation which defines a regular place of business (20 NYCRR 4-2.2 [b]). This CPLR article 78 proceeding to review that determination ensued.

In confirming the determination, we first note that judicial review of determinations of the State Tax Commission is limited (*Matter of Park Swift Parking Corp. v New York State Tax Comm.,* 92 AD2d 970, 971, mot for lv to app den 59 NY2d 604), and if there are any facts or reasonable inferences from the facts to support the Tax Commission's determination, it must be confirmed (*Matter of Levin v Gallman,* 42 NY2d 32, 34; *Matter of Golden v Tully,* 88

AD2d 1058, affd 58 NY2d 1047). The burden of proving that the deficiency assessment was improper is upon petitioner (Tax Law, § 689, subd [e]; *Matter of Levin v Gallman, supra; Matter of Grace v New York State Tax Comm.*, 37 NY2d 193, 195).

We are here concerned with the imposition of a corporate franchise tax upon the net income allocated within this State (Tax Law, § 210, subd 1, par [a])' of a corporation doing business in this State (Tax Law, § 209). Respondent denied petitioner's allocation of 51.5323% of its net income to the sources outside this State, holding that the offices outside New York were not bona fide and regularly used to carry on its business. Section 210 (subd 3, par [a], cl [4]) of the Tax Law requires a corporation doing business in New York to allocate 100% of its net income within New York State unless the taxpayer has "a regular place of business outside the state other than a statutory office" (see *Matter of Micro Computer Corp. v State Tax Comm.*, 65 AD2d 867). A corresponding regulation then in effect provided that "A regular place of business is any bona fide office (other than a statutory office), factory, warehouse or other space which is regularly used by the taxpayer in carrying on its business" (20 NYCRR 4-2.2 [b], formerly 22 NYCRR 4.11 [b]; see, also, *Matter of Dan-Ellen, Inc. v New York State Tax Comm.*, 79 AD2d 732; *Matter of UGP Props. v State Tax Comm.*, 64 AD2d 316, 318). The record shows that petitioner neither owned nor rented space of any kind, or held out space as its offices, in Tennessee or New Jersey, where salesmen worked out of their homes, or the Netherlands, where the salesman had his own offices. Nor should a different conclusion be reached with respect to the course of business conduct carried out with petitioner's Netherlands subsidiary which acted as an independent contractor in receiving goods, performing finishing work, warehousing and shipping. The regulation provides that such a procedure would ordinarily be considered as doing business at a regular place of business "*if the taxpayer retains title to the material or goods*" (20 NYCRR 4-2.2 [b] [2]; emphasis added). The record demonstrates that when petitioner shipped goods to its Netherlands subsidiary, it issued invoices showing that it had sold the goods and effected a

transfer of title between itself and a separate, distinct corporate entity. This proof precluded application of the allocation of net income to the Netherlands (see *Matter of Dan-Ellen, Inc. v New York State Tax Comm., supra,* p 733).

Nor do we find petitioner's constitutional arguments persuasive. Petitioner contends that requiring 100% of its income to be allocated to New York is unconstitutional and violative of due process because most of the income was earned outside the State. We disagree. It has long been established "that the entire net income of a corporation, generated by interstate as well as intrastate activities, may be fairly apportioned among the States for tax purposes by formulas utilizing in-state aspects of interstate affairs" (*Northwestern Cement Co. v Minn.,* 358 US 450, 460). "For a State to tax income generated in interstate commerce, the Due Process Clause of the Fourteenth Amendment imposes two requirements: a 'minimal connection' between the interstate activities and the taxing State, and a rational relationship between the income attributed to the State and the intrastate values of the enterprise" (*Mobil Oil Corp. v Commissioner of Taxes,* 445 US 425, 436-437). "The nexus is established if the corporation 'avails itself of the "substantial privilege of carrying on business" within the State' " (*Exxon Corp. v Wisconsin Dept. of Revenue,* 447 US 207, 220). The record shows that wherever petitioner's goods were sold, they originated and were manufactured in New York State by 250 out of its total of 252 employees. All orders for products sold outside New York were submitted to petitioner in this State and nowhere outside the State did petitioner hold itself out as having a branch office. This evidence established the required nexus (see *Exxon Corp. v Wisconsin Dept. of Revenue, supra; Mobil Oil Corp. v Commissioner of Taxes, supra).*

Finally, petitioner contends that it may be taxed in the Netherlands as a result of which it will be subject to multiple taxation in violation of the commerce clause (US Const, art I, § 8, cl 3). The Supreme Court, in establishing a consistent and rational method of inquiry into this frequently litigated subject, has held that the practical effect

of the challenged tax must be examined to determine whether it is applied to an activity with a substantial nexus within the taxing State, is fairly apportioned, does not discriminate against interstate commerce, and is fairly related to the services provided by the State (*Mobil Oil Corp. v Commissioner of Taxes, supra,* p 443). The record is devoid of any proof that petitioner was subject to, or paid taxes on, the activities of its salesmen in New Jersey and Tennessee, or that the Netherlands imposed taxes upon petitioner for its business conducted there. Absent such evidence, the contention must be rejected.

The determination should be confirmed, and the petition dismissed, without costs.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Determination confirmed, and petition dismissed, without costs.