■ In the Matter of ADIRONDACK STEEL CASTING COMPANY, INC., Petitioner, v STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a corporate franchise tax assessment imposed pursuant to article 9-A of the Tax Law.

Petitioner, a New York corporation, is a wholly owned subsidiary of Consolidated Foundries and Manufacturing Corporation (Consolidated). Petitioner produces steel castings for various types of equipment. Apparently Consolidated is an Illinois corporation which, subsequent to the years at issue, relocated its corporate headquarters to New York. Manaco, Inc., is also a Consolidated subsidiary, located in Chicago, Illinois, whose sole purpose is to provide managerial and administrative services to Consolidated and its subsidiaries. During the years at issue, Manaco provided essential services to petitioner, principally consisting of care and custody of corporate records and secretarial, treasury and accounting services. Manaco paid for the expenses incurred in operating its office and was reimbursed by Consolidated, petitioner and Consolidated's other subsidiaries on a proportionate basis.

When petitioner filed its 1977 corporate franchise tax return and its amended 1975 and 1976 returns, it excluded a portion of its net income as allocable to Manaco as an out-of-State office. The Department of Taxation and Finance concluded that the Manaco office was not a regular place of business of petitioner. Consequently, petitioner was assessed additional franchise taxes due for 1977 and was denied refund claims for the years 1975 and 1976. Respondent sustained the Department's decision and petitioner commenced this CPLR article 78 proceeding

challenging such determination. The proceeding has been transferred to this court for disposition.

Corporate franchise tax is imposed on "entire net income" (Tax Law, § 210, subd 1, par [a]). The law as applicable to the taxable years at issue here provides that if a corporation does not have a regular place of business outside the State, all of its business income is allocable to New York (Tax Law, § 210, subd 3, par [a], cl [4]).* This proceeding thus turns on whether the Manaco office in Chicago constitutes a "regular place of business" of petitioner.

The statute does not define "regular place of business", but regulations of the Department of Taxation and Finance in effect during the period in issue provided that "[a] regular place of business is any bona fide office (other than a statutory office) * * * or other space which is regularly used by the taxpayer in carrying on its business" (20 NYCRR 4-2.2 [b] [repealed April 1, 1981], formerly 20 NYCRR 4.11 [b]). Factors relevant in determining whether the definition is met include whether the taxpayer: (1) holds itself out as doing business in another State; (2) has a source of income from another State; (3) files an income tax return with another State; and (4) has business capital and income with a situs in another State (*Matter of UGP Props. v State Tax Comm.*, 64 AD2d 316, 319). The common thread running through the definition and factors is that the out-of-State place of business be income generating. This conclusion flows logically from the purpose of the business allocation percentage, i.e., to determine "what amount of the taxpayer's income has a jurisdictional nexus with the State" (*Matter of Westinghouse Elec. Corp. v Tully,* 55 NY2d 364, 375). This interpretation is, by analogy, supported by subdivision 2 of section 209 of the Tax Law. For the purpose of imposing a franchise tax, that section permits a foreign corporation to carry on certain activities in this State without being deemed to be doing business in this State. Significantly, the enumerated activities are not income-generating activities and are substantially similar to those claimed by petitioner to have been performed by the Manaco office (see Tax Law, § 209, subd 2, pars [a], [d], [e], [f]).

Turning to the instant case, respondent found that petitioner did not hold itself out to be doing business in Illinois, had no Illinois source of income, had no full-time employees stationed in Illinois, and filed no income or franchise tax return with that

---

* This section was amended, subsequent to the taxable years at issue, making the "regular place of business" requirement applicable only to taxable years beginning before January 1, 1978 (L 1978, ch 69, § 2).

State. Moreover, petitioner's business was to produce steel castings, concededly not the business of Manaco. Indeed, there is no evidence that Manaco performed any income-generating activities at all. The findings of fact of respondent are supported by substantial evidence in the record and they fully support its conclusion that petitioner did not have a regular place of business outside New York.

Determination confirmed and petition dismissed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.