■ In the Matter of ALCONOX, INC., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a corporate franchise tax assessment imposed under Tax Law article 9-A.

Petitioner, incorporated in New York, owns the formula for a detergent used in laboratories and markets the detergent from its office in New York City. The product is manufactured in New Jersey by Fabric Chemical Corporation (Fabric), packaged in containers supplied by petitioner at the manufacturing site in Jersey City, New Jersey, and stored there until shipped to petitioner's customers.

Notices of deficiency and statements of audit adjustment were issued by the Department of Taxation and Finance (Department) with regard to New York corporation franchise tax reports filed by petitioner for its fiscal years ending June 30, 1977, June 30, 1978 and June 30, 1979 (hereinafter referred to as the 1977, 1978 and 1979 tax years, respectively). For the same fiscal years, petitioner had filed corporate business tax returns with New Jersey. On its three New York returns, petitioner made the following allocations of its business income to New York for the various fiscal years: 37.78% for 1977, 36.73% for 1978 and 35.72% for 1979. The following percentages of its income were allocated to New Jersey for the same fiscal years: 35.27% for 1977, 36.07% for 1978 and 36.42% for 1979. Petitioner made these allocations pursuant to Tax Law § 210 (3) (a) (1)-(4), alleging that it maintained a regular place of business in Jersey City, New Jersey, for the years in question.* The Department determined that petitioner did not maintain a regular place of business outside of New York and, therefore, could not allocate a portion of its business income or business capital to New Jersey for its 1977 and 1978 fiscal years. As to the return filed for the 1979 fiscal year, the Department determined that the income allocation to New York was in error, as petitioner had failed to substantiate that it was entitled to factor the fees it paid to Fabric to store the packaged detergent into the allocation computation as rented real property pursuant to 20 NYCRR 4-3.2 (a). Deficiencies, with interest, were assessed in the following amounts: $15,216.35 for 1977, $15,686.46 for 1978 and $2,564.98 for 1979, for a total of $33,467.79.

Petitioner applied for a redetermination of the deficiencies. Following an administrative hearing, respondent upheld the Department's determination, finding that petitioner did not maintain a regular place of business outside of New York for the purposes of Tax Law § 210 (3) (a) (4) and 20 NYCRR 4-2.2 (b) and that petitioner improperly included the fees it paid for storage of its property with Fabric in the property factor of the allocation computation. Petitioner then commenced the instant CPLR article 78 proceeding which was transferred to this court.

For tax years beginning before January 1, 1978, which in

---

* The requirement that petitioner maintain a regular place of business outside of New York as a condition to permitting an allocation of business income did not apply to taxable years beginning after January 1, 1978 (Tax Law § 210 [3] [a] [4]; L 1978, ch 69, § 2) and, therefore, did not apply to the return for the 1979 fiscal year which began on July 1, 1978.

this proceeding include petitioner's tax reports for its 1977 and 1978 fiscal years, the taxpayer is required to demonstrate that it has a "regular place of business outside the state"; otherwise all of its business income is allocable to New York (Tax Law § 210 [3] [a] [4]). Petitioner maintains that respondent erred in its determination that it did not maintain a regular place of business outside of the State.

This court, citing its earlier opinion in *Matter of UGP Props. v State Tax Commn.* (64 AD2d 316, 319), has recently said that the factors relevant in determining whether the taxpayer maintains a regular place of business outside of the State include whether the taxpayer: "(1) holds itself out as doing business in another State; (2) has a source of income from another State; (3) files an income tax return with another State; and (4) has business capital and income with a situs in another State" *(Matter of Adirondack Steel Casting Co. v State Tax Commn.,* 107 AD2d 924, 925). It is essential that the out-of-State place of business be shown to be income generating *(supra)*.

While petitioner has filed corporate tax returns with New Jersey and does hold itself out as doing business in that State, i.e., petitioner's name appears on the exterior of Fabric's factory and some of the containers in which the detergent is packaged give a New Jersey address for petitioner, the facts do not demonstrate that petitioner engages in income-generating activities outside of New York. Petitioner's business is the marketing of detergents. Sales of the product and the work to promote such sales are carried on in petitioner's New York office. Paul Jacobson, Fabric's president, testified that, although Fabric answered inquiries of a technical nature concerning the product, inquiries concerning sales were referred to petitioner in New York. Moreover, Fabric's responses to technical inquiries and its representation of petitioner at trade shows were nothing more than contractual obligations. The contract between Fabric and petitioner recognized Fabric's status as an independent contractor who had clients other than petitioner. Fabric's compensation for its services was fixed by that contract. Further, none of Fabric's employees were employees of petitioner *(cf. Matter of Psychological Corp. v Tax Commn.,* 99 AD2d 905, 906; *Matter of Micro Computer Corp. v State Tax Commn.,* 65 AD2d 867, 868). In our opinion, these facts provide a rational basis for respondent's determination that petitioner did not maintain a regular place of business outside of the State for its 1977 and 1978 fiscal years.

We now turn to a consideration of petitioner's taxes for its 1979 fiscal year. For this year, petitioner was not required to demonstrate that it maintained a regular place of business outside of the State to permit an allocation of its business income (see, Tax Law § 210 [3] [a] [4], as amended by L 1978, ch 69). In this regard, although petitioner was permitted to allocate its business income for that year between New York and New Jersey, respondent assessed additional taxes, finding that petitioner improperly included storage costs paid to Fabric in the property factor of its business allocation percentage. A review of the record reveals that petitioner failed to demonstrate that the storage areas in question were under its control. Accordingly, respondent properly concluded that the sums payable for storage were improperly included in the property factor of its business allocation percentage (20 NYCRR 4-3.2 [c] [3]; see also, Tax Law § 210 [10]; 20 NYCRR 4-3.2 [a]). The determination must be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.