■ In the Matter of ALLEN C. MILLER, SR., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination by respondent which sustained an unincorporated business tax assessment imposed under Tax Law article 23.

Petitioner is a resident of New York State and a salesman for Lee Lime Corporation (Lee) of Lee, Massachusetts, as well as for various other noncompeting companies. In 1979, the Department of Taxation and Finance issued petitioner a notice of deficiency based upon his failure to pay an unincorporated business income tax on his sales commissions for the years 1974 through 1976. Petitioner challenged the deficiency, claiming that since he solicited sales in New York, New Jersey and Connecticut for Lee and used an office at Lee's Massachusetts plant, he was entitled under Tax Law former § 707 to allocate a portion of his commission from sales of Lee products as New Jersey and Connecticut income, thereby avoiding New York taxation thereon. Respondent denied petitioner's request for allocation and sustained the deficiency. Petitioner then instituted this proceeding, maintaining that respondent's determination was not supported by substantial evidence and that the allocation of all his business income to New York violated the commerce clause of the US Constitution (art I, § 8, cl 3).

At the outset, we note that petitioner bears a heavy burden in attempting to overturn a tax assessment *(Matter of Liberman v Gallman,* 41 NY2d 774, 777). We cannot overrule respondent's determination unless it is shown to be clearly erroneous *(Matter of Young v Bragalini,* 3 NY2d 602, 605). Petitioner has failed to meet that burden here. Exemptions from taxation, such as that sought here, are strictly construed *(id., Matter of De Groot v State Tax Commn.,* 70 AD2d 757). Under Tax Law former § 707, all of petitioner's sales income could be allocated to New York if he did not have a regular place of business outside of New York. The Tax Law regulations describe a regular place of business as "any bona fide office * * * which is systematically and regularly used by the unincorporated business entity in carrying on its business" (20 NYCRR 207.2 [a]). Petitioner testified that he conducted business out of an office at Lee's Massachusetts plant. The office consisted of a desk used by all Lee salesmen and a file containing customer correspondence, and the services of a secretary were available. This is not the type of "bona fide office" contemplated in the regulations. The office was maintained by Lee, not petitioner *(see, Matter of Howes v Chu,* 107 AD2d 874, 877). Furthermore, petitioner admitted that most of his time was spent on the road. He was at the Lee plant only one day per week, from early morning until lunch time, and while there he attended sales meetings, did collection work, and picked up samples. Merely performing services for a

corporation located without the State does not establish a regular place of business there (20 NYCRR 207.2 [b]). In light of the foregoing, it cannot be said that respondent's determination that petitioner did not have a regular place of business outside of the State was erroneous. To the contrary, it was supported by substantial evidence.

We are equally unpersuaded by petitioner's contention that New York's taxation of all his Lee income violated the commerce clause. Since petitioner is admittedly a New York resident, New York may tax all of his net income without violating the commerce clause (Shaffer v Carter, 252 US 37). Nothing in the commerce clause requires a differentiation between petitioner's income in his individual capacity or as operating an unincorporated business. Moreover, petitioner has conceded that his New York business activity is sufficient to subject some portion of his income to the unincorporated business tax. In other words, an additional nexus to tax for commerce clause purposes has been established (see, Exxon Corp. v Wisconsin Dept. of Revenue, 447 US 207, 220). We have previously held that an entity doing business in New York, but not qualifying for a statutory exemption by having a regular place of business outside of the State, may be taxed on 100% of its income without offending the commerce clause (Matter of Del-Met Corp. v State Tax Commn., 102 AD2d 312, 315).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.