■ In the Matter of LABADIE SALES CORP., Petitioner, v NEW YORK CITY DEPARTMENT OF FINANCE, Respondent. [607 NYS2d 275] —Determination of respondent New York City Department of Finance, which assessed a general corporation tax deficiency and interest against petitioner, in the amount of $21,313.13, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County, Martin Evans, J., entered November 30, 1992), dismissed, without costs.

The issue presented is whether petitioner corporation maintained a bona fide office or regular place of business at the New Jersey residence of its principal for purposes of allocating a portion of its income thereto pursuant to section 11-604 of the Administrative Code of the City of New York. Pursuant to subdivision (3) (a) (4) of that section "if the taxpayer does not have a regular place of business outside the city other than a statutory office, the business allocation percentage shall be one hundred per centum." The corresponding regulation (19 RCNY 11-63 [b] [2]) defines a regular place of business as "any *bona fide* office (other than a statutory office) * * * or other

space which is regularly used by the taxpayer in carrying on its business."

In the evidentiary hearing held, it was petitioner's burden to prove the deficiency assessment improper *(Matter of Levin v Gallman,* 42 NY2d 32, 34). In this case, petitioner failed to present any evidence of the type generally accepted as proof that a corporation, vis-à-vis its principal, maintains a bona fide out of State office or regular place of business *(see, e.g. Matter of Adirondack Steel Casting Co. v State Tax Commn.,* 107 AD2d 924, 925, citing *Matter of UGP Props. v State Tax Commn.,* 64 AD2d 316, 319; *see also, Matter of Psychological Corp. v Tax Commn.,* 99 AD2d 905, 906), and the conspicuous absence of such evidence provides a sufficient factual basis to uphold the determination of the taxing authority *(see, Matter of Levin v Gallman, supra; Matter of Del-Met Corp. v State Tax Commn.,* 102 AD2d 312, 316). Concur—Carro, J. P., Ellerin, Rubin, Nardelli and Tom, JJ.