■ In the Matter of MATTHEW J. DOMBER et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [619 NYS2d 829] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a personal income tax assessment imposed under Tax Law article 22 and the Administrative Code of the City of New York.

Petitioner Matthew J. Domber (hereinafter Domber) is a

partner in the law firm of Domber & Ward. For the tax years 1984, 1985 and 1986, the firm allocated a substantial portion of its income to a Pennsylvania address which, upon an audit, was determined not to be an office of the firm. The Department of Taxation and Finance allocated all of the firm's income to its sole office in New York City. Petitioners, who are not New York State residents, were assessed additional income tax by the Department and appealed from that determination.

In the underlying administrative petition, Jacob Ward, Domber's law partner, stated that the firm maintained a Pennsylvania office from which it regularly and systematically conducted business and allocated its income accordingly. Thereafter at the administrative hearing, petitioners changed their theory alleging that the money was derived from out-of-State real estate sources payable to Ward in his individual capacity and as trustee for Domber. Petitioners took the position that the New York law firm had no legal interest in the income.[1] Petitioners contended that the deposit of the funds into the law firm's operating account was only for purposes of convenience and that the money, despite being freely commingled with the firm's ordinary income, was not attributable to the legal services performed by the law firm. There was no attempt to identify the nature of the income as that type referred to in 20 NYCRR former 131.16. Rather, Ward, who represented his partner, attempted to disassociate the income from the activities of the law firm and to associate it with the nonlegal individual activities of Domber and Ward despite the admission in the administrative petition that the income resulted from the activity of the law firm. Ward explained that his role in the receipt of Domber's share of the fees was due to a trust, the existence of which was not proven.

The Administrative Law Judge (hereinafter ALJ) found that the Domber & Ward law partnership agreement specifically

---

1. Petitioner Rachel R. Domber was an employee of the Federal Department of Housing and Urban Development (hereinafter HUD) which was involved with the financing of various real estate projects of Domber and Ward. Upon her marriage to Domber, he transferred his interests to Ward so as to avoid prohibited activities. While the activities of Domber and Ward did not change, Ward held all titled interests relating to HUD projects in his name alone with Domber having a silent interest in half of Ward's legal stake. Ward ostensibly held Domber's interest in trust. There was no written trust agreement, and while HUD was informed of Domber's divestiture, HUD was not informed that a trust was agreed upon, despite the HUD requirement that divestiture to a trust be reviewed by HUD legal counsel to ensure that the trust conformed to HUD conditions.

provided that the firm could "engage in the acquisition, ownership, development, management and disposition of real estate projects, provided, however, that any partnership interest in such real estate projects shall, if held in the name of a capital partner, be deemed to be held as a nominee for this partnership". The ALJ determined that the funds were ordinary income of the law firm based upon its New York activities and were not distributions to Ward individually and as trustee of Domber. Petitioners filed exceptions to the ALJ's determination.

Petitioners argued that 20 NYCRR former 131.16 was applicable as the income was related to out-of-State real property. 20 NYCRR former 131.16 provided: "Income from, and deductions connected with, the rental of real property, and gain and loss from the sale, exchange or other disposition of real property, are not subject to allocation under section 131.13 or 131.15 of this Part, but are considered as entirely derived from or connected with the situs of such real property." Rejecting petitioners' contention that income relating to property with an out-of-State situs is not taxable by New York and concluding that the instant income was produced by the services and activities of the partners actively conducted in New York, respondent Tax Appeals Tribunal denied petitioners' exceptions and affirmed the ALJ's determination. Petitioners now challenge that decision, arguing for the application of 20 NYCRR former 131.16.

We find no merit to petitioners' contention that the phrase "[i]ncome from * * * the rental of real property" (20 NYCRR former 131.16) refers to any and all fees paid for services associated with out-of-State rental property partnerships. Petitioners now allege for the first time that the earnings at issue are profits resulting from rentals and rental income, whereas statements by Ward at the administrative hearing, where petitioners had the burden of proof, referred to the income as, *inter alia,* fees, management fees, syndication fees, development fees and operational profits. Similar phraseology was used by Ward before the Tribunal. Distinctly missing from the record, as noted by the ALJ, is proof of the specific nature and source of the various items of income *(see, Matter of Leogrande v Tax Appeals Tribunal,* 187 AD2d 768, 769, *lv denied* 81 NY2d 704; *Matter of Giuliano v Chu,* 135 AD2d 893, 895). There was no proof that the income was rental income *(see, Matter of Kourakos v Tully,* 92 AD2d 1051, 1051-1052, *appeal dismissed* 59 NY2d 967, *lv denied* 60 NY2d 556, 699, *cert denied* 464 US 1070). The Department's field audit identifies

the income as development and management fees, and treatment of the income in this manner finds adequate support in the record *(see, Matter of Labadie Sales Corp. v New York City Dept. of Fin.,* 201 AD2d 291, 292).

It is within this framework that the Tribunal compared 20 NYCRR former 131.16 with 20 NYCRR former 131.4 concerning income from businesses, trades, professions and occupations carried on within New York, and adopted the conclusion that the income was generated by the law firm's business activity in New York and was taxable *(see,* Tax Law former § 632 [b] [1] [B]; *Matter of Ausbrooks v Chu,* 66 NY2d 281, 285). As fees generated by real estate activities are not the equivalent of income from the rental of real property (and there being no proof of real estate sales gains), the passive/active analysis relating to petitioners' New York business activities used by the Tribunal was reasonable.[2]

Petitioners' attempt to expand the interpretation of 20 NYCRR former 131.16 beyond rental income to include various unspecific, nonlegal fees relating to real estate partnerships was properly rejected *(see, Matter of Labadie Sales Corp. v New York City Dept. of Fin., supra,* at 292). The construction the Tribunal applied to the tax regulations is reasonable and is entitled to due deference *(see, Matter of John P. v Whalen,* 54 NY2d 89, 95). Petitioners failed to meet their burden of proof by clear and convincing evidence overcoming the deficiency assessments *(see, Matter of Gun Hill Plumbing Supply Co. v Chu,* 145 AD2d 769, 770). The record amply supports the conclusion that the income belonged to the New York law firm and resulted from its New York activities.

Mercure, White and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

2. This is not a situation where the income transmitted to the New York law firm was either net rental income or gross rents from out-of-State rental properties which would result in the application of 20 NYCRR former 131.16.