■ In the Matter of Leslie's Jewelry Mfg. Corp., Petitioner, v Tax Appeals Tribunal of the City of New York et al., Respondents. [655 NYS2d 36] —Determination of respondent Tax Appeals Tribunal of the City of New York dated April 12, 1995, which reversed a determination of the Administrative Law Judge and reinstated a determination of respondent New York City Department of Finance to the extent that it assessed a general corporation tax deficiency and interest against petitioner, in the amount of $56,878.89, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.

It is petitioner's burden to prove the assessment improper (Matter of Labadie Sales Corp. v New York City Dept. of Fin., 201 AD2d 291, 292), and the absence of evidence that petitioner's office in Italy was a "regular place of business", which would have entitled petitioner to allocate its income to such situs pursuant to Administrative Code of the City of New York § 11-604, provides a sufficient basis to uphold the assessment. Petitioner's contention that the taxing authority did not consider its lease for office and vault space on the premises of its largest manufacturing contractor fails to recognize the relevance of other factors to whether its use of that office was "regular" within the meaning of the statute and applicable rules, and the lack of documentation of many of the factors it relied upon. This Court may not substitute its judgment for

that of the Tax Appeals Tribunal merely because it is possible to reasonably reach a different conclusion (*see, Matter of Hopper v Commissioner of Taxation & Fin.*, 224 AD2d 733, 737, *lv denied* 88 NY2d 808), and should defer, under the circumstances, to that administrative body's reasonable application of the statute and its evaluation of factual data and the inferences to be drawn therefrom (*Matter of Colt Indus. v New York City Dept. of Fin.*, 66 NY2d 466, 470-471; *Matter of Caplan v Commissioner of Fin. of City of N. Y.*, 220 AD2d 324, 325). We do not consider petitioner's present constitutional challenge to the tax statute since it was not raised at the administrative level and there has been no notice to the Attorney-General pursuant to Executive Law § 71 (*Matter of A & J Produce Corp. v Commissioner of Fin. of City of N. Y.*, 199 AD2d 99, *lv denied* 86 NY2d 701). Concur—Milonas, J. P., Wallach, Nardelli and Tom, JJ.