■ In the Matter of MARILYN CAPLAN, Appellant, v COMMISSIONER OF FINANCE OF THE CITY OF NEW YORK et al., Respondents. [632 NYS2d 566] —Order and judgment (one paper), Supreme Court, New York County (Stanley Parness, J.), entered March 22, 1995, which, in a proceeding for review of an assessment pursuant to RPTL article 7, denied petitioner's motion for partial summary judgment on the issue of whether the subject real property was misclassified as "Class two" and should be reclassified as "Class one", and, upon a search of the record, granted respondents summary judgment dismissing so much of the petition as alleged misclassification, unanimously affirmed, without costs.

To the extent that RPTL 1802 is ambiguous in its designation of real property, the legislative history makes clear that the designation is limited to residential buildings with one, two or three units, as respondents contend, and not to buildings with up to three apartments plus any number of commercial units, as petitioner contends.

Petitioner is not entitled to have the ambiguity construed in her favor, since the principle that taxing statutes are to be construed in favor of the taxpayer applies only in determining whether property is subject to taxation, not to whether it is being taxed at the correct rate (*see, Matter of Grace v New York State Tax Commn.*, 37 NY2d 193, 196). In the latter regard, the construction given the statute by respondents is entitled to deference (*see, Matter of New York State Assn. of Life Underwriters v New York State Banking Dept.*, 83 NY2d 353, 359-360). Concur—Rosenberger, J. P., Kupferman, Williams and Tom, JJ.