In the Matter of 49 REALTY COMPANY, Also Known as 49 REALTY COMPANY, LLC, Appellant, v COMMISSIONER OF FINANCE et al., Respondents. [791 NYS2d 129]—

In consolidated proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for tax years 1990/1991 through 1999/2000, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Pesce, J.), dated August 4, 2003, which, after a nonjury trial, denied the petitions and dismissed the proceedings.

Ordered that the order and judgment is affirmed, with costs.

Upon our review of the record, we are satisfied that the Supreme Court accorded the evidence the weight it was due with respect to its determination to adopt the recommendations of the respondents' appraiser and not those of the petitioner's appraiser concerning the computation of assessed values, using the capitalization of income approach to value (see *W.T. Grant Co. v Srogi*, 52 NY2d 496, 510-511 [1981]; *Matter of Erie Blvd. Hydropower, L.P. v Town of Ephratah Bd. of Assessors*, 9 AD3d 540, 544 [2004]). The assessed values computed by the respondents' appraiser were higher than the published assessed values for the subject property, and therefore it was unnecessary for the Supreme Court to state new findings of valuation (see *Matter of Seagram & Sons v Tax Commn. of City of N.Y.*, 18 AD2d 109, 110 [1963], *affd* 14 NY2d 314 [1964]; *Matter of NYCO Mins. v Town of Lewis*, 296 AD2d 748, 750-751 [2002]).

Contrary to the petitioner's assertions, it failed to establish that it was subject to an unequal assessment as a result of the respondents' use of the uniform New York City 45% class ratio rather than the lesser of the city's ratio or New York State's published class ratio. Pursuant to RPTL 720 (3) (b) (3) (c) and (d), in a challenge to an equalization rate as being unequal, either party may submit as evidence "the latest applicable class ratio established for the roll containing the assessment under review" for special assessing units, such as New York City, and "the uniform percentage of value stated on the tax bill for the roll containing the assessment under review" for all assessing units. The statute expresses no preference between the state equalization rate and the city's uniform ratio. As a result, it was incumbent upon the petitioner to explain why the use of the city's ratio would result in an unequal assessment. Instead, the petitioner's expert adopted whichever ratio was less merely on the ground that it would result in a lower assessed value. In effect, this was an admission that the city's ratio was acceptable. Accordingly, the Supreme Court correctly applied the city's

45% ratio for all tax years at issue (*see Matter of 665 Parkway Co. v Commissioner of Fin.,* 15 AD3d 666 [2005] [decided herewith]).

The petitioner'sremaining contentions do not require reversal. Schmidt, J.P., Santucci, Crane and Skelos, JJ., concur.