Douglas Rimany et al., Appellants, v Town of Dover, Defendant, and Powell Road Mobil Home Park, Inc., Respondent. [— NYS2d —]—

In an action, inter alia, to recover damages for injury to property, the plaintiffs appeal, as limited by their brief, (1) from stated portions of an order of the Supreme Court, Dutchess County (Pagones, J.), dated April 6, 2009, and (2) from so much of an amended order of the same court dated April 16, 2009, as granted those branches of the motion of the defendant Powell Road Mobile Home Park, Inc., which were, in effect, for summary judgment dismissing the third through seventh causes of action insofar as asserted against it.

Ordered that the appeal from the order is dismissed, as that order was superseded by the amended order; and it is further,

Ordered that the amended order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of the defendant Powell Road Mobile Home Park, Inc., which were, in effect, for summary judgment dismissing the third, fifth, sixth, and seventh causes of action insofar as asserted against it, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof denying, as academic, that branch of the motion of the defendant Powell Road Mobile Home Park, Inc., which was to preclude any party to the action from introducing a certain document at trial; as so modified, the amended order is affirmed insofar as appealed from, without costs or disbursements, the order is vacated, and the matter is remitted to the Supreme Court, Dutchess County, for a determination on the merits of that branch of the motion which was to preclude any party to the action from introducing a certain document at trial.

The facts underlying these appeals are stated in our decision and order on related appeals (see *Rimany v Town of Dover*, 72 AD3d 918 [2010] [decided herewith]). As relevant to this appeal, in the third through seventh causes of action, the plaintiffs asserted against Powell Road Mobile Home Park, Inc. (hereinafter Powell), a cause of action to recover punitive damages, a cause of action alleging a violation of New York State Navigation Law § 31, which requires a permit before excavating or placing fill in

the navigable waters of the State, and causes of action alleging negligence, nuisance, and trespass, respectively.

After successfully obtaining the dismissal of the first and second causes of action insofar as asserted against it, and after joinder of issue, Powell moved, in effect, for summary judgment dismissing the third through seventh causes of action insofar as asserted against it, or to preclude any party to the action from introducing a certain document at trial. The Supreme Court granted that branch of Powell's motion which was, in effect, for summary judgment dismissing the third through seventh causes of action insofar as asserted against it.

The Supreme Court properly determined that Powell was entitled to summary judgment dismissing the plaintiffs' fourth cause of action to recover punitive damages insofar as asserted against it, since "a demand for punitive damages may not constitute a separate cause of action for pleading purposes" (*Rosenblum v Frankl*, 57 AD3d 960, 961 [2008]). However, contrary to the Supreme Court's determination, Powell did not establish its prima facie entitlement to judgment as a matter of law dismissing the third and fifth through seventh causes of action insofar as asserted against it, alleging a violation of Navigation Law § 31, negligence, private nuisance, and trespass, respectively, since Powell failed to tender sufficient evidence to eliminate any material issues of fact from the case as to whether the flood wall is not a proximate or substantial cause of the flooding of the plaintiffs' property (*see generally DiDomenico v Long Beach Plaza Corp.*, 60 AD3d 618, 619-620 [2009]). Thus, those branches of Powell's motion which were for summary judgment dismissing the third and fifth through seventh causes of action insofar as asserted against it should have been denied, regardless of the sufficiency of the plaintiffs' opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We decline the plaintiffs' request to search the record and award them summary judgment on the issue of Powell's liability with respect to the third and fifth through seventh causes of action insofar as asserted against Powell, since the subject of Powell's motion before the Supreme Court was limited to the issue of causation (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]).

In light of our determination, we must remit the matter to the Supreme Court, Dutchess County, for a determination on the merits of that branch of Powell's motion which was to preclude any party to the action from introducing a certain doc-

ument at trial (*see generally Ryba v Almeida*, 44 AD3d 740, 741 [2007]).

Finally, we decline Powell's request for an award of costs or to impose sanctions upon the plaintiffs (*see* 22 NYCRR 130-1.1). Rivera, J.P., Florio, Miller and Eng, JJ., concur.