In the Matter of SHORE DEVELOPMENT PARTNERS, Appellant, v BOARD OF ASSESSORS et al., Respondents. [918 NYS2d 566]—

The petitioner sought, inter alia, to reclassify its real property under RPTL article 18 from class four commercial to class one residential for the tax years 2007/2008 and 2008/2009, and requested a corresponding reduction in the assessments for those tax years based on the reclassification. The petitions alleged that the subject property had been misclassified, and that the assessments were excessive, unequal, and unlawful. Subsequently, the petitioner moved, inter alia, for summary judgment on so much of the petitions as alleged that the prop-

erty was misclassified, and that the assessments were unlawful and excessive.

In an order entered July 8, 2009, the Supreme Court denied the petitioner's motion, and, in effect, searched the record and awarded summary judgment to the respondents dismissing the petitions. Thereafter, the petitioner moved for leave to reargue. In an order entered November 20, 2009, the Supreme Court granted leave to reargue but, upon reargument, adhered to its original determination. This appeal by the petitioner ensued, and we modify.

"While the Supreme Court has the power to award summary judgment to a nonmoving party, predicated upon a motion for that relief by another party, it may not search the record and award summary judgment on a cause of action if no party has moved for it" (*Lima v NAB Constr. Corp.*, 59 AD3d 395, 397 [2009] [citation omitted]; *see Rimany v Town of Dover*, 72 AD3d 924, 925 [2010]). Here, the petitioner moved, inter alia, for summary judgment on so much of the petitions as alleged that the subject property was misclassified, and that the assessments were unlawful and excessive. Therefore, procedurally, the Supreme Court should not have searched the record and awarded the respondents summary judgment dismissing so much of the petitions as alleged that the assessments were unequal (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *Lima v NAB Constr. Corp.*, 59 AD3d at 397).

On the merits, as relevant here, tax class one includes real property constituting vacant land outside Manhattan "provided that any such vacant land which is *not zoned residential* must be situated immediately adjacent to property improved with a residential structure [and] owned by the same owner as such immediately adjacent residential property" (RPTL 1802 [1] [d] [emphasis added]; *see Matter of Richmond County Country Club v Tax Commn. of City of N.Y.*, 53 AD3d 661 [2008]). Although the statute makes no explicit provision for the tax classification of vacant parcels which, like the subject property, are zoned for mixed residential and commercial use, we agree with the petitioner that the subject property should have been classified as class one residential. To the extent that there is any ambiguity in the statutory phrase "not zoned residential" (RPTL 1802 [1] [d]), "it must be construed most strongly in favor of the taxpayer and against the taxing authority" (*Matter of Astoria Gas Turbine Power, LLC v Tax Commn. of City of N.Y.*, 14 AD3d 553, 558 [2005], *affd* 7 NY3d 451 [2006]; *see Matter of Manhattan Cable TV Servs., Div. of Sterling Info. Servs. v Freyberg*, 49 NY2d 868, 869 [1980]; *Matter of Orange & Rockland Utils. v*

*City of Middletown Assessor*, 269 AD2d 451, 452 [2000]; compare *Matter of Caplan v Commissioner of Fin. of City of N.Y.*, 220 AD2d 324, 325 [1995], citing *Matter of Grace v New York State Tax Commn.*, 37 NY2d 193, 196 [1975]).

Accordingly, upon reargument, the Supreme Court should have granted those branches of the petitioner's motion which were for summary judgment on so much of the petitions as sought to reclassify the subject property from class four commercial to class one residential for the tax years 2007/2008 and 2008/2009, to reduce the assessments for those tax years based on the reclassification, and for corresponding tax refunds, including statutory interest, for both tax years.

The petitioner contends that the respondents improperly consolidated the various tax lots comprising the subject property, added additional property to the consolidated lot, and increased the assessments of the consolidated lot during the period between the issuance of the tentative and final tax rolls for the 2008/2009 tax year. As a result, the petitioner contends that it is entitled to a reduction in the final assessment of the property for the 2008/2009 tax year to the level of the 2008/2009 tentative assessment. However, the petitioner failed to establish, prima facie, that the subject parcels were improperly consolidated into a "superblock" and reassessed during the 2008/2009 tax year. Accordingly, upon reargument, the Supreme Court properly adhered to so much of the order entered July 8, 2009, as, in effect, denied that branch of the petitioner's motion which was for summary judgment on so much of the petitions as sought to reduce the final assessment of the property for the 2008/2009 tax year to the level of the 2008/2009 tentative assessment. However, the Supreme Court erred by, in effect, searching the record and awarding summary judgment to the respondents dismissing those portions of the petitions. Angiolillo, J.P., Belen, Chambers and Roman, JJ., concur.