■ In the Matter of BRICKMAN ESTATE AT THE POINT, INC., Appellant, v BOARD OF ASSESSORS et al., Respondents. [924 NYS2d 835]—

In consolidated tax certiorari proceedings for the tax years 2005/2006, 2006/2007, 2007/2008, and 2008/2009, respectively, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered January 27, 2010, as, after a nonjury trial, only reduced the assessed values of the subject property from the sum of $93,127 to the sum of $69,696 for the tax year 2005/2006, from the sum of $52,230 to the sum of $41,250 for the tax year 2006/2007, from the sum of $49,375 to the sum of $43,725 for the tax year 2007/2008, and from the sum of $52,337 to the sum of $46,348 for the tax year 2008/2009.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Since this case was decided after a nonjury trial, "the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (*Marini v Lombardo*, 79 AD3d 932, 933 [2010]; see *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *O'Brien v Dalessandro*, 43 AD3d 1123 [2007]). Since the trial court's ultimate conclusion as to value fell within the range of the expert testimony (see *Matter of 665 Parkway Co. v Commissioner of Fin.*, 15 AD3d 666, 668 [2005]; *Matter of Blue Hill Plaza Assoc. v Assessor of Town of Orangetown*, 230 AD2d 846, 848 [1996]; *Shore Haven Apts. No. 6 v Commissioner of Fin. of City of N.Y.*, 93 AD2d 233, 236 [1983]), and was supported by a preponderance of the credible evidence, it must be sustained.

The remaining contentions of the Board of Assessors and the

Board of Assessment Review of the County of Nassau are without merit. Covello, J.P., Leventhal, Lott and Miller, JJ., concur.