Matter of 3061-63 Third Ave. LLC v Soliman (2024 NY Slip Op 00256)

Matter of 3061-63 Third Ave. LLC v Soliman

2024 NY Slip Op 00256

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Webber, J.P., Kern, González, Kennedy, Rosado, JJ. 

Index No. 817589/21 Appeal No. 1507 Case No. 2023-03511 

[*1]In the Matter of 3061-63 Third Avenue LLC, Petitioner-Respondent,
v
Sherif Soliman etc., et al., Respondents-Appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Edan Burkett of counsel), for appellants.
Goldberg & Bokor LLP, Cedarhurst (Jason Bokor of counsel), for respondent.

Order and judgment (one paper), Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered January 18, 2023, granting the petition brought pursuant to CPLR article 78 to annul the Department of Finance (DOF)'s September 3, 2021 determination, which denied petitioner's application to correct an alleged clerical error or error of description regarding the classification of its vacant lot, as arbitrary and capricious, and ordered DOF to correct the tax and building class, unanimously reversed, on the law, without costs, the petition denied, and the proceeding dismissed.
"The commissioner of finance may correct any assessment or tax which is erroneous due to a clerical error or to an error of description contained in the several books of annual record of assessed valuations, or in the assessments-rolls" (Administrative Code of City of NY § 11-206). DOF's decision, finding no clerical error or error of description, was not arbitrary and capricious (CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).
Petitioner owns vacant land in the Bronx, zoned R8 with a commercial overlay of C1-4. The petition alleges that there was an error of description because DOF classified its property in the Bronx under Tax Class 4 and Building Class V1, applicable to commercial property, instead of Tax Class 1 and Building Class V0, applicable to residential property. Petitioner relies on Real Property Tax Law § 1802(d)(1), under which Tax Class 1 includes "all vacant land" in the City outside of "Manhattan, provided that any such vacant land which is not zoned residential must be situated immediately adjacent to property improved with a residential structure . . . , be owned by the same owner as such immediately adjacent residential property immediately prior to and since January 1, 1989, and have a total area not exceeding 10,000 square feet" (RPTL 1802[1][d][i]). Petitioner concedes that there was no clerical error (see 19 RCNY 53-02[a], citing RPTL 550[2]), which would result "from a minor mistake or inadvertence . . . rather than an error in reasoning or judgment" (Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d 27, 36 [2d Dept 2014]).
It was rational for DOF to find that the regulatory error of description provision allowing for corrections of an "[i]ncorrect tax classification" — not specifically raised in the petition — does not apply, as the alleged misclassification was not "due to an inventory error concerning the records . . . of the physical characteristics of the property" (19 RCNY 53-02[b][1]). It was also rational for DOF to find that the provision allowing for corrections of an "[i]naccurate building class that affected assessed value," asserted in the petition, also does not apply, as the example in the regulation identifies a warehouse being classified as a retail building, whereas petitioner's building class [*2]description of vacant land was not erroneous (19 RCNY 53-02[b][10]). Any effects on the assessed valuation arose from the alleged misinterpretation by DOF of RPTL 1802(1)(d) in finding that the commercial overlay rendered petitioner's vacant land not zoned residential, not from any misdescription of the property itself (see Matter of Better World, 122 AD3d at 29-30, 35-37 [two-family house under construction misdescribed as three-family house with a store or office]; compare Matter of Shore Dev. Partners v Board of Assessors, 82 AD3d 988, 990 [2d Dept 2011] [holding, in RPTL article 7 proceeding, that property zoned as both residential and commercial should be classified as residential]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024