| Matter of Ralph Prop. LLC v Niblack |
|:---:|
| 2024 NY Slip Op 31994(U) |
| June 10, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 532209/23 |
| Judge: Anne J. Swern |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 75 of the Supreme Court of
the State of New York, held in and for the County
of Kings, at the Courthouse, at 360 Adams Street,
Brooklyn, New York, on the _10th___ day of June,
2024.

P R E S E N T :

HON. ANNE J. SWERN,
                                  Justice.
-------------------------------------------------------------------X
In the Matter of the Application of

RALPH PROPERTY LLC,
                                  Petitioner,

For a Judgment under Article 78 of
the Civil Practice Law and Rules

                - against -

PRESTON NIBLACK, in his capacity as
Commissioner of Finance of the City of New York,
and CITY OF NEW YORK,
                                  Respondents.
-------------------------------------------------------------------X

**DECISION AND JUDGMENT**

Index No. 532209/23

Mot. Seq. No. 1

The following e-filed papers read herein:                NYSCEF Doc No.:

Notice Petition, Petition, Supporting Affirmations,
  and Exhibits Annexed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .           1-16
Answer and Exhibits Annexed . . . . . . . . . . . . . . . . . . . . . . . .           21-27
Reply Affirmation and Exhibits Annexed . . . . . . . . . . . . . . . .           31-35

This is a CPLR article 78 proceeding challenging respondents' alleged misclassification

of petitioner's property at 343 Ralph Avenue in Brooklyn, New York (Block 1156, Lot 1) (the

"Property") as Tax Class 4 instead of Tax Class 1 in each of fiscal years 2016/2017, 2017/2018,

2018/2019, and 2019/2020.[1] According to petitioner's counsel, the alleged misclassification

---
[1] Notices of Property Value, dated Jan. 15, 2016, Jan. 15, 2017, Jan. 15, 2018, and Jan. 15, 2019
(NYSCEF Doc No. 7).                                1 of 4

[* 1]

resulted in petitioner's overpayment of a total of $23,162.04 to respondents in property taxes for the fiscal years at issue.[2]

On March 31, 2022, petitioner submitted to respondents a "Clerical Error or Error in Description Form" requesting, on the basis of the alleged clerical error, that the tax class of the Property be reclassified to Tax Class 1.[3] Approximately 13 months later, on July 6, 2023, respondents denied petitioner's request, explaining that "the issue in [petitioner's] application [was] not due to a clerical error or an error in description, and therefore no action ha[d] been taken."[4]

On November 3, 2023, petitioner commenced this CPLR article 78 proceeding contending that respondents acted arbitrary and capriciously in allegedly misclassifying the Property as Tax Class 1. Petitioner requested that the Court direct respondents to correct this so-called clerical error and, upon correction, to "recalculate[e] the assessed values of the Property for [fiscal year] 2017 through [fiscal year] 2020."[5] On February 6, 2024, respondents interposed their joint answer, asserting (as relevant herein) that respondents "rationally and reasonably denied [p]etitioner's application[] for retroactive reclassification and reassessment because it did not allege a bona fide 'clerical error' or 'error of description.'"[6]

After oral argument, the matter was fully submitted on April 4, 2024, with the Court reserving decision.

---

[2] Petitioner's counsel's spreadsheet (NYSCEF Doc No. 11).

[3] Petitioner's Request #56748 (NYSCEF Doc No. 15).

[4] Respondents' "Determination of Clerical Error Remission" (NYSCEF Doc No. 16).

[5] Petition, ¶¶ 49-51; "Wherefore" clause, §§ (i) through (iv) (NYSCEF Doc No. 1).

[6] Answer, ¶ 105 (NYSCEF Doc No. 21).

[* 2]

In a very recent case that is "on all fours" with this one, the First Judicial Department rejected the "clerical error" challenge to respondents' denial of tax reclassification of a similar type of property as is the instance here (an unimproved parcel of land). *See Matter of 3061-63 Third Ave. LLC v Soliman*, 223 AD3d 548 (1st Dept, Jan. 23, 2024). As the First Judicial Department held in *Matter of 3061-63 Third Ave. LLC*:

> "It was rational for [respondent New York City Department of Finance or DOF] to find that the regulatory error of description provision allowing for corrections of an '[i]ncorrect tax classification' . . . does not apply, as the alleged misclassification was not 'due to an inventory error concerning the records . . . of the physical characteristics of the property' (19 RCNY 53-02 [b] [1]). It was also rational for DOF to find that the provision allowing for corrections of an '[i]naccurate building class that affected assessed value,' asserted in the petition, also does not apply, as the example in the regulation identifies a warehouse being classified as a retail building, whereas petitioner's building class description of vacant land was not erroneous (19 RCNY 53-02 [b] [10]). Any effects on the assessed valuation arose from the alleged misinterpretation by DOF of RPTL [Real Property Tax Law] 1802 (1) (d) . . . , not from any misdescription of the property itself (*see Matter of Better World [Real Estate Group v. New York City Dept. of Fin.]*, 122 A.D.3d [27,] 29-30, 35-37, 992 N.Y.S.2d 247 [2d Dept. 2014] [two-family house under construction misdescribed as three-family house with a store or office]; *compare Matter of Shore Dev. Partners v. Board of Assessors*, 82 A.D.3d 988, 990, 918 N.Y.S.2d 566 [2d Dept. 2011] [holding, in RPTL article 7 proceeding, that property zoned as both residential and commercial should be classified as residential])."

*Matter of 3061-63 Third Ave. LLC*, 223 AD3d at 549-550.

The First Judicial Department's opinion in *Matter of 3061-63 Third Ave. LLC* was followed and applied by Justice Ingrid Joseph of this Court in *Matter of 265 Penn Realty Corp. v Soliman*, 2024 NY Slip Op 30908(U) (Sup Ct, Kings County, Mar. 6, 2024), and *Matter of Emmons Realty LLC v Soliman*, 2024 NY Slip Op 30880(U) (Sup Ct, Kings County, Mar. 6, 2024), each of which presented a fact pattern that was likewise "on all fours" with this case. A repetition of Justice Joseph's reasoning is unnecessary.

3

[* 3]

Index No. 532209/23

In the absence of a ruling to the contrary from the Second Judicial Department or the Court of Appeals, this Court is bound by the First Judicial Department's opinion in *Matter of 3061-63 Third Ave. LLC. See Mountain View Coach, Inc. v Storms*, 102 AD2d 663, 664 (2d Dept 1984).

Accordingly, it is

**ORDERED** that respondents' determination that "the issue in [petitioner's] application [was] not due to a clerical error or an error in description" was neither arbitrary nor capricious; and it is further

**ORDERED** and **ADJUDGED** that the petition is denied and the proceeding is dismissed.

This constitutes the Decision and Judgment of the Court.

ENTER,

ANNE J. SWERN, J.S.C.

JUN 1 0 2024

4

[* 4]