Matter of 232 Smith St., LLC v Soliman (2025 NY Slip Op 01088)

Matter of 232 Smith St., LLC v Soliman

2025 NY Slip Op 01088

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2023-00101
 (Index No. 533172/21)

[*1]In the Matter of 232 Smith Street, LLC, respondent,
v
Sherif Soliman, etc., et al., appellants.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Rochelle Cohen, Andrea M. Chan, Yasmean Tamoor-Snyder, and John D'Baptist of counsel), for appellants.
Goldberg & Bokor, LLP, Cedarhurst, NY (Scott Goldberg and Jason Bokor of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Department of Finance of the City of New York dated September 3, 2021, which denied the petitioner's application for tax reassessment and reclassification of certain real property, Sherif Soliman and the City of New York appeal from a judgment of the Supreme Court, Kings County (Gina Abadi, J.), dated November 10, 2022. The judgment, inter alia, granted the petition, annulled the determination, granted the petitioner's application for tax reassessment and reclassification, and directed that the subject property be reassessed and reclassified as tax class one.
ORDERED that the judgment is affirmed, with costs.
In April 2021, the petitioner (hereinafter the taxpayer) submitted an application to the Department of Finance of the City of New York (hereinafter the DOF) for tax reassessment and reclassification of a vacant lot located in Brooklyn (hereinafter the parcel) from tax class four to tax class one. By determination dated September 3, 2021, the DOF denied the application. Thereafter, the taxpayer commenced this CPLR article 78 proceeding against Sherif Soliman, the former Commissioner of the DOF, and the City of New York (hereinafter together the appellants), among other things, to annul the determination. By judgment dated November 10, 2022, the Supreme Court, inter alia, granted the petition, annulled the determination, granted the taxpayer's application for tax reassessment and reclassification, and directed that the parcel be reassessed and reclassified as tax class one. This appeal ensued.
Administrative Code of the City of New York § 11-206 provides that "[t]he commissioner of finance may correct any assessment or tax which is erroneous due to a clerical error or to an error of description contained in the several books of annual record of assessed valuations, or in the assessments-rolls." Pursuant to the Rules of the City of New York Department of Finance in effect at the time of the subject determination (see 19 RCNY former §§ 53-01, 53-02; hereinafter together the clerical error rules), an "[i]naccurate building class that affected assessed value" constitutes a clerical error or error of description (19 RCNY former 53-02[b][10]). The clerical error rules provide that such errors of description may be corrected by application to the City of New York within six years of the error (see id. former §§ 53-01, 53-02). Contrary to the appellants' contention, [*2]the Supreme Court did not err by reaching the merits of the petition in this CPLR article 78 proceeding (see Matter of Block 3738 Construction Corp. v Niblack, _____ AD3d _____, 2025 NY Slip Op 00441 [2d Dept]; Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d 27, 33). To the extent that the decision of the Appellate Division, First Department, in Matter of 3061-63 Third Ave., LLC v Soliman (223 AD3d 548) is inconsistent with our conclusion, we decline to follow it.
"Judicial review of an administrative determination not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Lake v New York City Employees' Retirement Sys., 202 AD3d 682, 683 [internal quotation marks omitted]; see CPLR 7803). In New York City, tax class one property includes "all vacant land located within a special assessing unit which is a city" that is either zoned residential or situated immediately adjacent to qualifying residential property, "other than such land in the borough of Manhattan" (RPTL 1802[1][d]; see RPTL 1801[a]; Matter of 49 Realty Co. v Commissioner of Fin., 15 AD3d 659, 660). Tax class four property consists of "all other real property which is not designated class one, class two, or class three" (RPTL 1802[1]). Accordingly, vacant land that is zoned residential and located within New York City but outside of the borough of Manhattan is properly classified as tax class one, regardless of a commercial overlay (see Matter of Shore Dev. Partners v Board of Assessors, 82 AD3d 988, 990).
Here, the parcel is a vacant lot located in Brooklyn and was zoned R6B residential. The appellants should have classified the parcel as tax class one regardless of any commercial overlay and their failure to do so was an error of law (see RPTL 1802[1]; Matter of Shore Dev. Partners v Board of Assessors, 82 AD3d at 990). Accordingly, the Supreme Court properly granted the petition, annulled the determination, granted the taxpayer's application for tax reassessment and reclassification, and directed that the parcel be reassessed and reclassified as tax class one.
MILLER, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court