Matter of Fordham Hill Owners Corp. v Soliman (2025 NY Slip Op 01889)

Matter of Fordham Hill Owners Corp. v Soliman

2025 NY Slip Op 01889

Decided on April 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 01, 2025

Before: Kapnick, J.P., Scarpulla, Mendez, O'Neill Levy, Michael, JJ. 

Index No. 815310/21, 815060/21, 815915/21, 815840/21, 812984/22, 813069/22, 801940/23, 813087/22|Appeal No. 3292-3293-3294-3295-3296-3297-3298-3299|Case No. 2023-04965, 2023-02147, 2023-03942, 2023-02146, 2023-04701, 2023-04223, 2023-03834, 2024-00132|

[*1]In the Matter of Fordham Hill Owners Corporation, Petitioner-Respondent,
v
Sherif Soliman etc., et al., Respondents-Appellants.

In the Matter of Westchester LLA LLC, Petitioner-Respondent,
v
Sherif Soliman etc., et al., Respondents-Appellants.

In the Matter of CM Water Group, LLC, Petitioner-Respondent,
v
Sherif Soliman etc., et al., Respondents-Appellants.

In the Matter of Global View Apartments LLC, Petitioner-Respondent,
v
Preston Niblack etc., et al., Respondents-Appellants.

In the Matter of SKMF Bryant Management LLC et al., Petitioners-Respondents,
v
Preston Niblack etc., et al., Respondents-Appellants.

In the Matter of 2886 Roosevelt LLC, Petitioner-Respondent,
v
Preston Niblack etc., et al., Respondents-Appellants.

In the Matter of 1230 Franklin, LLC, Petitioner-Respondent,
v
Preston Niblack etc., et al., Respondents-Appellants.

In the Matter of 205 West 262nd St. LLC, Petitioner-Respondent-Appellant,
v
Preston Niblack etc., et al., Respondents-Appellants-Respondents.

Muriel Goode-Trufant, Corporation Counsel, New York (Edan Burkett of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York (Yair S. Goldstein of counsel), for appellants-respondents.
Goldberg & Bokor, LLP, Cedarhurst (Todd Kammerman of counsel), for respondents/respondent-appellant.

Judgment (denominated an order), Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered March 23, 2023, which granted petitioner Fordham Hill Owners Corporation's petition pursuant to CPLR article 78 to vacate and reverse a determination of respondents (collectively, the New York City Department of Finance [DOF]), dated August 2, 2021, denying Fordham Hill's application to correct alleged clerical errors or errors in description regarding the inaccurate classification of its vacant lot, and ordered the DOF to correct the building and tax classification and provide a tax refund or credit for any overpayment, unanimously affirmed, without costs. Judgment (denominated an order), same court and Justice, entered March 23, 2023, which granted petitioner Global View Apartments, LLC's petition to vacate and reverse a determination of the DOF, dated August 2, 2021, denying Global View's application to change a building and tax class for its vacant lot, and ordered the DOF to correct the tax and building class and provide a tax refund or credit for any overpayment, unanimously affirmed, without costs.
Order and judgment (one paper), Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered April 10, 2023, which granted petitioner Westchester LLA, LLC's petition pursuant to CPLR article 78 to vacate and reverse a determination of the DOF, dated August 2, 2021, denying Westchester LLA's application to correct alleged clerical errors or errors in description regarding the classification of its vacant lot, and ordered the DOF to correct the building and tax classification and provide a tax refund or credit for any overpayment, unanimously affirmed, without costs.
Judgment (denominated an order), Supreme Court, Bronx County (Wilma Guzman, J.), entered January 20, 2023, which granted petitioner CM Water Group, LLC's petition pursuant to CPLR article 78 to vacate and reverse a determination of the DOF, dated August 2, 2021, denying CM Water Group's application to correct alleged clerical errors or errors in description regarding the classification of its vacant lot, and ordered DOF to correct the building and tax classification and provide a tax refund or credit for any overpayment, unanimously affirmed, without costs.
Judgment (denominated an order), Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered March 9, 2023, which granted the petition of petitioners SKMF Bryant Management LLC and SKMF Vyse Management LLC (collectively, SKMF) pursuant to CPLR article 78 to vacate and reverse two determinations of the DOF, both dated May 6, 2022, denying SKMF's application to correct alleged clerical errors or errors in description regarding the classification of its vacant lots, and ordered DOF to correct the building and tax classification and provide a tax refund or credit for any overpayment, unanimously affirmed, without costs.
Judgment (denominated an order), Supreme Court, Bronx County (Paul L. Alpert, J.), entered February 10, 2023, which granted [*2]petitioner 2886 Roosevelt, LLC's petition pursuant to CPLR article 78 to vacate and reverse a determination of the DOF, dated May 6, 2022, denying 2886 Roosevelt's application to correct alleged clerical errors or errors in description regarding the classification of its vacant lots, and ordered DOF to correct the building and tax classification and provide a tax refund or credit for any overpayment, unanimously affirmed, without costs.
Judgment (denominated an order), Supreme Court, Bronx County (Paul L. Alpert, J.), entered June 27, 2023, which granted petitioner 1230 Franklin, LLC's petition pursuant to CPLR article 78 to vacate and reverse a determination of the DOF, dated October 7, 2022, denying 1230 Franklin's application to correct alleged clerical errors or errors in description regarding the classification of its vacant lots, and ordered DOF to correct the building and tax classification and provide a tax refund or credit for any overpayment, unanimously affirmed, without costs.
Judgment (denominated an order), Supreme Court, Bronx County (Wilma Guzman, J.), entered June 28, 2023, which, to the extent appealed from as limited by the briefs, granted in part and denied in part petitioner 205 West 262nd St. LLC's petition pursuant to CPLR article 78 to vacate and reverse two determinations of the DOF, both dated May 6, 2022, denying 205 West 262nd's application to correct alleged clerical errors or errors in description regarding the classification of its properties, by denying the petition as to the tax years 2017 through 2018, 2018 through 2019, and 2019 through 2020 and granting the petition as to the tax years 2020 through 2023 and ordering the DOF to correct the building and tax classifications and provide a tax refund or credit for any overpayment for those years, unanimously affirmed, without costs.
Petitioners in these eight proceedings own vacant and formerly vacant lots in the Bronx that are zoned residential with commercial overlays. All of the petitioners applied for correction of alleged errors in the descriptions of their properties — specifically, an "[i]naccurate building class that affected assessed value" (19 RCNY former 53-02[b][10]; see also Administrative Code of City of NY § 11-206 [DOF Commissioner "may correct any assessment or tax which is erroneous due to a clerical error or to an error of description contained in the several books of annual record of assessed valuations, or in the assessments-rolls"]). DOF had classified petitioners' lots as Building Class V1 (zoned commercial or Manhattan residential) under Tax Class 4 (commercial), and petitioners alleged that the properties qualified as Building Class V0 (zoned residential, not Manhattan) and Tax Class 1 (residential).
We first address the settlement agreement between petitioner 205 West 262nd St. and the New York City Tax Commission, by which 205 West 262nd agreed to waive its rights to further review of certain assessments. Specifically, the agreement [*3]forecloses judicial review of the 2017/2018, 2018/2019, and 2019/2020 tax assessments, which were the subject of the settlement (see Matter of 174th TIC Owner LLC v Niblack, 231 AD3d 401, 401-402 [1st Dept 2024], citing Matter of Oversight Mgt. Servs., LLC v Soliman, 220 AD3d 445 [1st Dept 2023], lv denied 41 NY3d 910 [2024]). Thus, Supreme Court correctly found that the parties' settlement bars 205 West 262nd's challenge to the tax assessments for those years.
Turning to the merits, upon review of the records in all eight proceedings, we find that DOF's inconsistent denials, two of which refused to revert to the building class and tax class that DOF had used before changing those classifications without explanation, were arbitrary and capricious and were affected by an error of law (CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).
Under the Real Property Tax Law, Tax Class 1 includes "all vacant land" in the City except for land in Manhattan, "provided that any such vacant land which is not zoned residential must be situated immediately adjacent to property improved with a residential structure . . . , be owned by the same owner as such immediately adjacent residential property immediately prior to and since January 1, 1989, and have a total area not exceeding 10,000 square feet" (Real Property Tax Law § 1802[1][d][i]). The Second Department has held that this provision is ambiguous as to mixed zoning and that vacant lots outside of Manhattan zoned as both residential and commercial "should" be classified as "class one residential," construing the ambiguous phrase "'not zoned residential' . . . most strongly in favor of the taxpayer and against the taxing authority" (Matter of Shore Dev. Partners v Board of Assessors, 82 AD3d 988, 990 [2d Dept 2011], lv dismissed 18 NY3d 976 [2012]).
In denying petitioners' applications, DOF based its decisions on different grounds for different petitioners. For the Fordham Hill Owners property and the CM Water Group property, the first of which was originally classified as Building Class V3 (primarily zoned residential) before an unexplained change to Building Class V0, DOF disclaimed authority to make a correction of the building class under Administrative Code § 11-206, stating that there was no clerical error or error in description. On the other hand, for the Westchester LLA property, the SKMF Bryant Management property, both properties owned by 1230 Franklin, and two of the properties owned by 205 West 262nd, DOF considered the asserted error and denied the applications on the merits, stating that it had determined that the building and tax classes for the properties were correct — a finding that conflicted with the Second Department's decision in Matter of Shore Development Partners. DOF likewise considered the applications for the Global View Apartments property, the SKMF Vyse Management, both [*4]properties owned by 2886 Roosevelt, and one of the 205 West 262nd properties on the merits and offered a more specific substantive finding that also ran contrary to the Second Department's holding in Matter of Shore Development Partners — namely, that the parcel was a commercial vacant lot and was appropriately valued. The DOF made this finding despite the fact that one of the 2886 Roosevelt properties was classified as Building Class V0 zoned residential for three years before DOF changed it to V1 with no explanation.
Thus, 11 of the 13 determinations dealt with the applications on the merits and made findings that were affected by an error of law (CPLR 7803[3]; see Matter of Shore Dev. Partners, 82 AD3d at 990). Moreover, DOF's inconsistent reasons for the denials, its refusal on at least two occasions to review the merits at all, and its unexplained reclassification of some properties without any physical changes on the properties all evince arbitrary and capricious agency action.
Because all final assessment rolls must include a separate column for the entry of the class designation, "the error[s] alleged in the petition[s]" — that is, incorrect classifications — "constituted an 'error of description' contained in the assessment rolls" that may be corrected in accordance with Administration Code § 11-206 (see Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d 27, 37 [2d Dept 2014], citing Real Property Tax Law § 1802[2]). The text of 19 RCNY former 53-02 supports this conclusion, as it provides a nonexclusive list of such errors and requires only, as relevant to this appeal, that there be an "[i]naccurate building class" affecting the assessed value of the property — precisely the situation that exists here (19 RCNY former 53-02[b][10]).
To the extent that this Court previously found 19 RCNY 53-02 to require a misdescription of the physical characteristics of the property instead of an alleged misinterpretation of the Real Property Tax Law (Matter of 3061-63 Third Ave. LLC v Soliman, 223 AD3d 548 [1st Dept 2024]), we now acknowledge that 19 RCNY 53-02 was promulgated as a remedial regulation after Matter of Better World Real Estate Group. Indeed, 19 RCNY 53-02 was explicitly intended to "significantly expan[d] the categories of errors for which the Department of Finance will offer an opportunity to correct" as "[h]istorically, the authority granted under [Administrative Code §] 11-206 has been exercised narrowly, leaving unaddressed many categories of errors that could be corrected under this section" (see 19 RCNY 53, Note of the Commissioner of Finance, June 16, 2016; see also Matter of Block 3738 Constr. Corp. v Niblack, 234 AD3d 955 [2d Dept 2o25]). Thus, we decline to follow our prior decision in Matter of 3061-63 Third Ave. LLC v Soliman.
The DOF's failure to provide consistent rationales necessarily requires those determinations to be vacated. Indeed, the evidence provided by petitioners showed that [*5]the applications by owners of other vacant lots outside of Manhattan seeking the same relief were granted. Because the DOF's decisions neither adhered to its own prior precedent nor indicated its reasons for reaching a different result on essentially the same facts, those decisions were arbitrary and capricious (see Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 93 [2001]; Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 517 [1985]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2025