Matter of HW LIC One, LLC v Niblack (2025 NY Slip Op 04477)

Matter of HW LIC One, LLC v Niblack

2025 NY Slip Op 04477

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-11002
 (Index No. 713707/23)

[*1]In the Matter of HW LIC One, LLC, respondent,
v
Preston Niblack, et al., appellants.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Kira Wallisch, Filloreta Islami, and Edan Burkett of counsel), for appellants.
Goldberg & Bokor, LLP, Cedarhurst, NY (Scott Goldberg, Jason Bokor, and Todd Kammerman of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Finance dated March 7, 2023, which denied the petitioner's application for tax reassessment and reclassification of certain real property, the appeal is from a judgment of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered October 26, 2023. The judgment, inter alia, granted the petition and annulled the determination.
ORDERED that the judgment is affirmed, with costs.
In December 2022, the petitioner (hereinafter the taxpayer) submitted a request to the New York City Department of Finance (hereinafter the DOF) to reassess and reclassify a vacant lot located in Queens (hereinafter the property) from tax class 4 to tax class 1. In a determination dated March 7, 2023, the DOF denied the request, finding that the property was appropriately classified. Thereafter, the taxpayer commenced this CPLR article 78 proceeding against the DOF's Commissioner and City of New York (hereinafter together the City respondents), among other things, to annul the determination. By judgment entered October 26, 2023, the Supreme Court, inter alia, granted the petition and annulled the determination. This appeal ensued.
Administrative Code of the City of New York § 11-206 provides that "[t]he commissioner of finance may correct any assessment or tax which is erroneous due to a clerical error or to an error of description contained in the several books of annual record of assessed valuations, or in the assessments-rolls." Pursuant to the Rules of City of New York Department of Finance (19 RCNY) §§ 53-01 and 53-02 (hereinafter together the clerical error rule) then in effect, an "[i]naccurate building class that affected assessed value" constitutes a clerical error or error of description (id. former § 53-02[b][10]). The clerical error rule then in effect provided that such errors of description may be corrected by application to the City within six years of the error (see id. former §§ 53-01, 53-02). Contrary to the City respondents' contention, the Supreme Court did not err by reaching the merits of the petition herein (see Matter of Block 3738 Constr. Corp. v Niblack, 234 AD3d 955, 957; Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d 27, 33). To the extent that recent decisions of the Appellate Division, First Department, such as Matter of 3061-63 Third Ave. LLC v Soliman (223 AD3d 548), are inconsistent with our [*2]conclusion, we decline to follow them.
"Judicial review of an administrative determination not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Lake v New York City Employees' Retirement Sys., 202 AD3d 682, 683 [internal quotation marks omitted]; see CPLR 7803). In New York City, tax class 1 property includes "all vacant land located within a special assessing unit which is a city" that is either zoned residential or situated immediately adjacent to qualifying residential property, "other than such land in the borough of Manhattan" (RPTL 1802[1][d][i]; see 1801[a]; Matter of 49 Realty Co. v Commissioner of Fin., 15 AD3d 659, 660). Tax class 4 property consists of "all other real property which is not designated . . . class one, class two, or class three" (RPTL 1802[1]). Accordingly, vacant land which is zoned residential and located within New York City, but outside of Manhattan, is properly classified as tax class 1, regardless of a commercial overlay (see Matter of Shore Dev. Partners v Board of Assessors, 82 AD3d 988, 990).
Here, the property was a vacant lot located in Queens that was zoned R6 residential. The City respondents should have classified the property as tax class 1, regardless of a commercial overlay, and the failure to do so was an error of law (see RPTL 1802[1]; Matter of Shore Dev. Partners v Board of Assessors, 82 AD3d at 990). Accordingly, the Supreme Court properly, inter alia, granted the petition and annulled the determination dated March 7, 2023.
DILLON, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court