Matter of Wavebrook Assoc. v Niblack (2025 NY Slip Op 06173)

Matter of Wavebrook Assoc. v Niblack

2025 NY Slip Op 06173

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2024-00413
 (Index No. 726025/22)

[*1]In the Matter of Wavebrook Associates, respondent,
v
Preston Niblack, etc., et al., appellants.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Edan Burkett, Amy Kirshner, and Kimberly Tayeb of counsel), for appellants.
Goldberg & Bokor, LLP, Cedarhurst, NY (Scott Goldberg, Jason Bokor, and Todd Kammerman of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review two determinations of the Department of Finance of the City of New York, both dated September 2, 2022, which denied the petitioner's application for tax reassessment and reclassification of certain real properties, the appeal is from a judgment of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered September 22, 2023. The judgment, inter alia, granted the petition, annulled the determinations, and directed that the subject properties be reassessed and reclassified as tax class one.
ORDERED that the judgment is affirmed, with costs.
In May 2021, the petitioner (hereinafter the taxpayer) submitted requests to the New York City Department of Finance (hereinafter the DOF) to reclassify and reassess two vacant lots located in Queens (hereinafter the properties) from tax class four to tax class one. In determinations dated September 2, 2022, the DOF denied the requests, finding that the properties were appropriately classified. Thereafter, the taxpayer commenced this CPLR article 78 proceeding against the DOF's Commissioner and City of New York (hereinafter together the appellants), among other things, to annul the determinations. By judgment entered September 22, 2023, the Supreme Court granted the petition, annulled the determinations, and directed that the properties be reassessed and reclassified as tax class one. This appeal ensued.
Administrative Code § 11-206 provides that "[t]he commissioner of finance may correct any assessment or tax which is erroneous due to a clerical error or to an error of description contained in the several books of annual record of assessed valuations, or in the assessments-rolls." Pursuant to the Rules of the City of New York Department of Finance in effect at the time of the subject determination (see 19 RCNY former §§ 53-01, 53-02; hereinafter together the clerical error rule), an "[i]naccurate building class that affected assessed value" constitutes a clerical error or error of description (see id. former § 53-02[b][10]). The clerical error rule then in effect provided that such errors of description may be corrected by application to the City of New York within six years of the error (see id. former §§ 53-01, 53-02). Contrary to the appellants' contention, the Supreme Court did not err by reaching the merits of the petition in this CPLR article 78 proceeding (see Matter of Block 3738 Constr. Corp. v Niblack, 234 AD3d 955; Matter of Better World Real Estate [*2]Group v New York City Dept of Fin., 122 AD3d 27, 33).
"Judicial review of an administrative determination not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Lake v New York city Employees' Retirement Sys., 202 AD3d 682, 683 [internal quotation marks omitted]; see CPLR 7803). In New York City, tax class one property includes "all vacant land located within a special assessing unit which is a city" that is either zoned residential or situated immediately adjacent to qualifying residential property, "other than such land in the borough of Manhattan" (RPTL 1802[1][d]; see 1801[a]; Matter of 49 Realty Co. v Commissioner of Fin., 15 AD3d 659, 660). Tax class four property consists of "all other real property which is not designated as class one, class two, or class three" (RPTL 1802[1]). Accordingly, vacant land that is zoned residential and located within New York City but outside of the borough of Manhattan is properly classified as tax class one, regardless of a commercial overlay (see Matter of Shore Dev. Partners v Board of Assessors, 82 AD3d 988, 990).
Here, the properties are two vacant lots located in Queens that were zoned R7X residential. The appellants should have classified the properties as tax class one, regardless of any commercial overlay, and their failure to do so was an error of law (see RPTL 1802[1]; Matter of Shore Dev. Partners v Board of Assessors, 82 AD3d at 990). Accordingly, the Supreme Court properly granted the petition, annulled the determinations, and directed that the properties be reassessed and reclassified as tax class one.
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., BRATHWAITE NELSON, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court