Matter of SKMF VYSE Mgt. LLC v Niblack (2025 NY Slip Op 06835)

Matter of SKMF VYSE Mgt. LLC v Niblack

2025 NY Slip Op 06835

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Webber, J.P., Scarpulla, Rodriguez, Chan, JJ. 

Index No. 801022/23|Appeal No. 5318|Case No. 2024-00603|

[*1]In the Matter of SKMF VYSE Management LLC, Petitioner-Respondent,
v
Preston Niblack, etc., et al., Respondents-Appellants.

Muriel Goode-Trufant, Corporation Counsel, New York (Edan Burkett of counsel), for appellants.
Goldberg & Bokor, LLP, Cedarhurst (Todd Kammerman of counsel), for respondent.

Order and judgment (one paper), Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about July 10, 2023, which granted the petition in this proceeding brought pursuant to CPLR article 78 to vacate and reverse the October 7, 2022 final administrative determination of respondent New York City Department of Finance (DOF) denying petitioner's application to correct the Building Class of the subject real property from V1 and Tax Class 4 to V0 and Tax Class 1 from fiscal year 2017 to fiscal year 2023, and annulled the determination, declared that the property be assessed and classified as demanded in the petition, and ordered DOF to correct the building and tax classification and provide a tax refund or credit for any overpayment, unanimously affirmed, without costs.
Petitioner applied to have the description of its lot, which was zoned residential with a commercial overlay, corrected and assigned Building Class V0 and Tax Class 1 (former 19 RCNY 53-02[b][10]; see Administrative Code of City of NY § 11-206). DOF denied the application on the merits. This denial was arbitrary and capricious and affected by an error of law (CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).
Under the Real Property Tax Law, Tax Class 1 includes "all vacant land" in the City except land in Manhattan, "provided that any such vacant land which is not zonedresidential must be situated immediately adjacent to property improved with a residential structure . . . , be owned by the same owner as such immediately adjacent residential property immediately prior to and since January 1, 1989, and have a total area not exceeding 10,000 square feet" (Real Property Tax Law § 1802[1][d][i]). The classification of "all residentially zoned property outside of Manhattan . . . as a tax class one residential property . . . is mandatory, not discretionary . . . even with a commercial overlay" (Matter of Block 3738 Constr. Corp. v Niblack, 234 AD3d 955, 957-958 [2d Dept 2025]; see also Matter of Fordham Hill Owners Corp. v Soliman, 237 AD3d 402, 405 [1st Dept 2025]; Matter of Shore Dev. Partners v Board of Assessors, 82 AD3d 988, 990 [2d Dept 2011], lv dismissed 18 NY3d 976 [2012]).
DOF "dealt with the application[] on the merits and made findings that were affected by an error of law" by failing to follow Appellate Division precedent interpreting Real Property Tax Law § 1802 (Matter of Fordham Hill Owners Corp., 237 AD3d at 406). As this Court recently held, because all final assessment rolls must include a separate column for the entry of the class designation, "'the error[] alleged in the petition[]' — that is, incorrect classification[] — 'constituted an error of description contained in the assessment rolls' that may be corrected in accordance with Administrative Code § 11-206" (id., quoting Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d 27, 37 [2d Dept 2014]).
We have considered DOF's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025